[No. 23439. Department Two. November 6, 1931.]

THE STATE OF WASHINGTON, *Respondent,* v. DOUGLAS JAMES, *Appellant.*[1]

*E. F. Kienstra,* for appellant.

*Robert M. Burgunder* and *William J. Wilkins,* for respondent.

MAIN, J.—Leland Hoover and Douglas James were charged, by information, with the crime of robbery, and pleaded not guilty. A trial to a jury resulted in a verdict of guilty as to each of the defendants. From the judgment and sentence as to him, James appeals.

The facts may be summarized as follows: The Eba Grocery Company operates a number of chain stores

[1]Reported in 4 P. (2d) 879.

in the city of Seattle, and its principal office is located on the second floor of the Bell street terminal, in that city. Fred W. Warren was one of its employees, and on the morning of February 9, 1931, made collections from a number of the stores. At about 10:30 on that morning, he returned to the terminal and was going up the stairway. When about half-way up, he was met by two men, coming down, who jumped upon him, one of them striking him over the head with a piece of gas pipe wrapped in a newspaper. The money he collected was dropped and gathered up by the two highwaymen. The robbery was witnessed by two other persons in the terminal. Later, Hoover and James were arrested and placed in the county jail.

Two or three days after the robbery, Warren and the other two witnesses mentioned went to the jail for the purpose of determining whether the persons arrested were the ones that committed the robbery. All three positively identified Hoover. Two of them picked out James as probably the other one of the two, but they were not positive. The other witness to the robbery could not identify James. A little later, a preliminary hearing was had before a justice of the peace, and substantially the same testimony was given by the three witnesses as to the identification.

Upon the trial, Warren and one of the other witnesses positively identified James as one of the persons who participated in the hold-up. Warren gave, as the reason for his being positive on the trial and not being positive on either of the two prior occasions, a circumstance which had come to his mind subsequent to the preliminary hearing, and which was that, on the morning of the robbery and about an hour before it occurred, he passed a Ford coupe on Empire way, about five or six miles from the terminal, which was being driven by James. Later, he identified this

coupe as the one in which there were five or six bullet holes, and in which the two highwaymen had escaped from the scene of the robbery.

The only question presented upon the appeal is whether the evidence was sufficient to connect the appellant with the robbery. The jury heard the testimony as to the positive identification, and heard the witnesses say that, on the two prior occasions, they had not been positive, and it was for them to determine whether they would accept the positive identification testimony or disregard it. This court cannot weigh the testimony and hold that the jury had no right to believe and accept the evidence of positive identification.

The judgment will be affirmed.

TOLMAN, C. J., HOLCOMB, BEALS, and MILLARD, JJ., concur.