[No. 32903.  Department One.  September 30, 1954.]

EUGENE BRUNNER, *Appellant*, v. HIRAM JOHN, *Respondent.*[1]

*Lloyd Holtz* and *Max R. Nicolai*, for appellant.

*Sweet, Wolf & Merrick* and *Martin L. Wolf*, for respondent.

[1]Reported in 274 P. (2d) 581.

OLSON, J.—Plaintiff contends on this appeal that the trial court erred in failing to instruct the jury that a pedestrian at a controlled city street intersection, who enters a crosswalk with the controls in his favor, has the right of way while he progresses across the intersection and until he reaches the other side of the street, even though the traffic control changes in favor of the driver of an automobile approaching the intersection while the pedestrian is in the crosswalk.

There was evidence from which a jury could find that, about eight o'clock in the evening, September 10, 1953, plaintiff was walking north across east Madison street in the city of Seattle, in the west crosswalk marked at the intersection of that street and 17th avenue; that this intersection is lighted by fluorescent lamps, and that traffic on each of the intersecting streets is controlled by a traffic control signal; that plaintiff started across the street at a time permitted by this signal and when he saw no vehicles approaching the intersection; that, as he progressed along the crosswalk, the signal changed, permitting vehicular traffic on east Madison street to proceed through the intersection; that, when plaintiff was near the center of the street, he saw defendant's automobile approaching him from the west or his left; that he became confused and stopped; that he was struck and injured by the front portion of defendant's automobile; that the collision occurred at a point within the marked crosswalk. At the time of the collision, plaintiff was eighty-seven years of age, and walked slowly in a "shuffling" manner.

A trial to a jury resulted in a verdict for defendant. Plaintiff's motion for a new trial was denied, and he has appealed.

The theory contended for by plaintiff was not presented to the jury. It is the rule in this state, expressed both in legislative enactments (RCW 46.60.230; Seattle ordinance No. 80998, § 33, known as the traffic code) and in many of our decisions, of which the following are typical: *Ballard v. Yellow Cab Co.*, 20 Wn. (2d) 67, 74, 145 P. (2d) 1019 (1944); *Fedland v. Teshera*, 40 Wn. (2d) 256, 262, 242 P.

(2d) 751 (1952); *Orme v. Watkins*, 44 Wn. (2d) 325, 329, 267 P. (2d) 681 (1954), and case cited.

One of plaintiff's requested instructions, designated plaintiff's additional requested instruction No. 2, is a proper expression of this rule of law and should have been given. But defendant contends that the exceptions taken by plaintiff do not comply with Rule of Pleading, Practice and Procedure 10, 34A Wn. (2d) 75.

■ The record discloses that plaintiff excepted to the failure of the court to give his requested instruction No. 6, which embodied the legal proposition in question and contained a citation of two Washington cases. The court's attention was directed to the precise question involved. Plaintiff then took exception to the court's failure to give the additional requested instruction No. 2, which was upon the same legal theory contained in part of requested instruction No. 6. The exception states that the request was taken from a late Washington case, which apparently had been submitted to the court during the trial.

From the record, we have no doubt that this proposition had been discussed with the court and that the exception was "sufficiently specific to apprise the judge of the points of law . . . in dispute," in compliance with Rule 10 previously cited, and to bring the question here for review. The failure to give plaintiff's additional requested instruction No. 2 constitutes prejudicial error requiring a reversal of the judgment and a new trial of the cause.

■ Instruction No. 6 given by the court, to which plaintiff excepted, was the only instruction given which referred to the possible contributory negligence of plaintiff because of his slow method of progress. It did not express the proposition that, in determining whether or not the plaintiff exercised reasonable care under the circumstances of this case, the jury may consider the physical infirmities, if any, from which he was suffering at the time of the collision, and that the law requires that one suffering from physical infirmities should exercise that degree of care which an ordinarily prudent person with such infirmities would

exercise under similar circumstances. *Horney v. Giering*, 132 Wash. 555, 558 *et seq.*, 231 Pac. 958 (1925), and cases cited. See *Weinstein v. Wheeler*, 127 Ore. 411, 271 Pac. 733, 62 A. L. R. 574 (1928), annotation, pp. 578, 580; Prosser on Torts 227, 228, § 36; 2 Restatement, Torts, 768, § 289, comment h. This deficiency in the instruction should be corrected at the next trial of the case.

The judgment is reversed, and the cause remanded for a new trial.

GRADY, C. J., MALLERY, HAMLEY, and FINLEY, JJ., concur.