[No. 34718.    Department One.    March 26, 1959.]

MARIE M. McGOVERN, *as Administratrix, Appellant,* v. THE GREYHOUND CORPORATION *et al., Respondents.*[1]

[1]Reported in 337 P. (2d) 290.

*John E. Belcher, Will G. Beardslee,* and *Lawrence W. Wanichek,* for appellant.

*Rosling, Williams, Lanza & Kastner (Henry E. Kastner,* of counsel), for respondents.

HUNTER, J.—This is a wrongful death action arising out of an automobile and bus collision which occurred outside the city limits of Renton, on January 21, 1957, at about 5:30 p. m. The bus was owned by the Greyhound Corporation and was driven by one Everett W. Coffey in a southerly di-

rection on state primary highway No. 5 (also known as 92nd avenue south). As the driver approached the intersection of the highway with 151st street, he slowed down for the purpose of discharging passengers, and stopped the bus at the intersection on the right side of the road. He pulled off as far as physical conditions would permit, being limited by a ridge of snow, leaving four feet of the eight-foot width of the bus on the paved portion of the blacktop highway. The posted speed limit was thirty-five miles an hour. At this point, the road is straight and level, and there was no physical obstruction which would impair visibility. Mr. Elfors, one of the passengers who had gotten off the bus, testified on cross-examination, ". . . it was, I would say, about half dark and half light. . . . Q. You could see good, could you? A. Yes. . . ." Mr. Gregoris, operator of the Richfield service station near 153rd street, testified on cross-examination, ". . . Q. So you looked from a spot about 300 feet away and you looked over here and saw the bus standing here (indicating) . . . Q. You had no trouble seeing the bus? A. No. . . ." Snow had fallen earlier in the day but there was no snow on the traveled portion of the highway which was wet but not icy. The bus driver testified that the bus had all of its tail lights burning, plus the two brake lights; that he usually stopped at this location; also sometimes stopping 150 feet further down the road where he could have stopped the bus, on that evening, completely off the paved portion of the highway.

After the passengers were discharged from the bus and prior to its pulling out onto the highway, it was struck from the rear by decedent's automobile, he being the sole occupant. The operator of the bus, who was the only eyewitness to the accident, testified that prior to starting out, after discharging the passengers, he looked into his rear-view mirror and saw decedent's automobile 100 to 150 feet way. The automobile struck the left-rear corner of the bus, taking the impact on its right-front side. After the collision, the automobile remained behind the bus. It left skid marks of 37 feet; it was damaged beyond repair; and the driver died as a result of the collision. This action was instituted by the

administratrix of decedent's estate against the Greyhound Corporation and the driver of the bus. The jury returned a verdict for the defendants. Plaintiff appeals.

Appellant assigns error to the court's refusal to admit certain evidence; in failing to follow certain rules of procedure; in giving certain instructions; in entering judgment on the verdict; and in denying appellant's motion for a new trial.

Appellant first contends the court erred in denying her an opportunity to introduce evidence that, shortly after the fatal collision, respondent Greyhound Corporation erected a "bus stop" sign on the highway near 153rd street by a Richfield service station, where buses could stop and where there was sufficient parking area for all wheels of the bus to be removed from the traveled portion of the highway.

█ The appellant contends that this evidence was admissible for the limited purpose of showing the practicability of being able to stop the bus at this point, 150 feet farther down the highway, with all wheels off the traveled portion of the roadway. The appellant argues that it therefore comes within an exception to the general rule of the inadmissibility of evidence of alterations or precautions taken after an accident. With this we agree, but the issue before the court was not whether it was practicable or feasible to park the bus off the highway at this point. The ability to park the bus at this place and in this manner was admitted. Therefore, there being no issue of practicability involved, the trial court properly excluded this evidence. *Hacher v. Globe Union Mfg. Co.*, 170 Wash. 494, 16 P. (2d) 824 (1932).

██ Appellant contends the trial court erred in failing to allow counsel to take exceptions to the instructions prior to their being read to the jury, in pursuance of Rule of Pleading, Practice, and Procedure 10, 34A Wn. (2d) 29, as amended, effective October 24, 1955. This is a salutary rule placing the court and counsel in a more favorable position to keep the trial free from error by permitting any necessary corrections of the instructions to be made before they go to the jury. This rule should be followed by the trial courts, and error was committed in this instance by the court's fail-

ure to do so. However, no exception having been taken to the court's statement "the exceptions will be taken under the old rule after the jury has retired" the appellant cannot now raise the matter for the first time on appeal. The appellant cannot gamble on the outcome of the trial and raise his objections later. *Nelson v. Martinson*, 52 Wn. (2d) 684, 328 P. (2d) 703 (1958). Moreover, there is nothing in the record showing any prejudice to the appellant resulting from this procedure adopted by the trial court.

Appellant contends the court erred in giving instruction No. 6, which reads as follows:

"*You are instructed that under the foregoing statute there is no evidence of any negligence on the part of the defendant in the manner in which he parked at this particular place,* nor is it contended that there was less than 300 feet of clear view in each direction. The only charge of negligence for your consideration, as against the defendant, is the question of whether or not the defendant should have continued beyond this street and parked at the service station where, it is contended, it was possible for defendant to stop with all wheels off the paved portion of the highway. I instruct you that under this statute busses are not forbidden to make stops where it is reasonably necessary to discharge passengers, even though it is not possible at the particular point to stop with all the wheels of the bus off the highway.

"The question is a question of reasonable and ordinary care: Would all ordinary, prudent and careful, bus operators have continued on to a more favorable place, even though it might become necessary for the passengers to walk back? If you find that the stop at this particular place was, under the surrounding circumstances, an act that would not have been done by any reasonably prudent and careful bus driver, then you should find that defendant was negligent." (Italics ours.)

The appellant contends the italicized portion of the instruction was a comment by the court on the evidence, in violation of Art. IV, § 16, of the state constitution. The exception taken by the appellant to the instruction was as follows:

"Plaintiff excepts to the first phrase of that instruction: 'You are instructed that under the foregoing statute there

is no evidence of any negligence on the part of the defendant in the manner in which he parked at this particular place.' "

Respondents contend this is no exception at all because it merely recites that the appellant is objecting to a particular part of the instruction without giving any reason therefor, and it does not establish a basis for the appellant to urge error in this court, citing Rule of Pleading, Practice, and Procedure 10, 34A Wn. (2d) 29, as amended, effective October 24, 1955. The purpose of this rule is to assist the court in passing upon exceptions. It was not needed here, since the trial judge indicated by the following comment that he understood why the exception was taken:

"Exception allowed. I held that as a matter of law that they parked properly as far as *that place* was concerned." (Italics ours.)

■ The trial judge was correct. This was not a comment on the evidence; the italicized part of the instruction amounted to a ruling of the court on that phase of negligence in the case. The question then arises as to whether the court was correct in so ruling as a matter of law.

■ The parking statute involved is RCW 46.48.290, and provides:

"It shall be unlawful for any person to stop, park, or leave standing any vehicle, whether attended or unattended, upon the paved, improved, or main traveled portion of any public highway outside of cities and towns when it is possible to stop, park, or so leave the vehicle off such paved, improved, or main traveled portion of the highway. In the event that it is not possible to leave the vehicle standing off the paved, improved, or main traveled portion of the highway at least one-half of the width of the roadway shall be left clear and unobstructed for the free passage of other vehicles and a clear view of such stopped vehicle shall be available for a distance of three hundred feet in each direction on the highway.

"This section shall not apply to the operator of a vehicle which is disabled upon the paved or improved or main traveled portion of a public highway in such a manner and to such an extent that it is impossible to avoid stopping and temporarily leaving the vehicle in such position."

Only the first paragraph of the statute is applicable. The statute does not contemplate that a vehicle can be stopped only at certain appropriate places on the highway. The restrictions are: (1) In the event that it is not possible to leave the vehicle standing off the paved, improved, or main traveled portion of the highway *at least one-half of the width of the roadway shall be left clear and unobstructed for the free passage of other vehicles, and (2) a clear view of such stopped vehicle shall be available for a distance of three hundred feet in each direction on the highway.* The evidence is not in dispute that the respondent bus driver came within these restrictions of the statute. The trial court was therefore correct in ruling the respondents were not in violation of the statute.

■ There was, nevertheless, a duty of care otherwise imposed upon the bus driver, as in the case of *Steadman v. Shackelton*, 52 Wn (2d) 22, 322 P. (2d) 833 (1958). There we said:

" . . . The first of these contentions is based on the proposition that his act did not constitute a violation of the statute (RCW 46.48.290), since, as he contends, it was not possible for him to park completely off the highway at the place where he desired to stop. This assumes that he could not be guilty of negligence if the statute was not violated. The violation of a statute is negligence *per se*, but in the absence of such violation, one may be held liable if he is negligent in fact, that is, if the harm which results from his act is reasonably foreseeable by him. There was evidence upon which the jury could have found that it was possible to park the car off the highway at a nearby point, . . . "

■ The remainder of instruction No. 6, beginning with the first sentence after the italicized portion thereof, instructed the jury as to the duty of care of the respondent bus driver to park the bus as a reasonably prudent bus driver, under like and similar circumstances, irrespective of the requirement of the statute. The jury was thereby instructed on this theory of respondent's negligence. Although we do not approve of the language used in this part of the instruction, as given, since no exception was taken thereto, it be-

came the law of the case into which we will not inquire. *Marr v. Cook*, 51 Wn. (2d) 338, 318 P. (2d) 613 (1957).

· Appellant contends the trial court erred in giving instruction No. 8. The record shows that the exception taken was waived by the appellant's colloquy with the court. This assignment of error, therefore, will not be considered.

■ Appellant contends the trial court erred in giving its instruction No. 10, that "under the law, one is charged with the duty of seeing those objects which he would have seen had he been exercising reasonable care," on the ground that this does not apply to a deceased person, in that the law indulges in the presumption that a deceased person acts with due care. *Heber v. Puget Sound Power & Light Co.*, 34 Wn. (2d) 231, 208 P. (2d) 886 (1949). This contention is without merit. It is now the established rule of law in this state that the presumption of due care of the decedent does not apply where the issue is contributory negligence. The plaintiff's rights under these circumstances are sufficiently protected by an instruction placing the burden upon the defendant to prove contributory negligence by the preponderance of the evidence. Such an instruction was given in this case. See *Mills v. Pacific County*, 48 Wn. (2d) 211, 292 P. (2d) 362 (1956).

Finding no error in the record and substantial evidence to support the jury verdict, we hold the court was correct in denying appellant's motion for a new trial.

The judgment of the trial court is affirmed.

MALLERY, HILL, FINLEY, and OTT, JJ., concur.

June 18, 1959. Petition for rehearing denied.