**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Alfred Emory ATNIP, Defendant-Appellant.**

**No. 15804.**

United States Court of Appeals Seventh Circuit.

March 3, 1967.

---

James A. Wurbs, Rock Island, Ill., for defendant-appellant.

Richard E. Eagleton, U. S. Atty., James G. Hatcher, Asst. U. S. Atty., Springfield, Ill., for plaintiff-appellee.

Before DUFFY, Senior Circuit Judge and CASTLE and CUMMINGS, Circuit Judges.

DUFFY, Senior Circuit Judge.

The indictment herein charged that on July 24, 1964, at the Rock Island Arsenal, which is within the special territorial jurisdiction of the United States, defendant Atnip took and carried away with intent to steal, a man's diamond ring of a value in excess of $100. The trial was to a jury which returned a verdict of guilty. This is an appeal from the judgment of conviction.

On July 24, 1964, Robert G. Morgan played golf at the Rock Island Golf Club. This Club is entirely within the confines of the Rock Island Arsenal. Exclusive jurisdiction of the confines of the Rock Island Arsenal was ceded to the United States in 1867 by the State of Illinois.

The locker room of the Club is located on the second floor. Upon Morgan's return to the locker room after a shower, he discovered his diamond ring was missing from his locker and that $140 in cash was missing from his wallet.

There was no eyewitness to the theft of the ring and cash. The defendant did not testify in his own behalf. There was no admission of guilt by defendant, nor any confession by him. The testimony offered by the Government was largely circumstantial.

The principal point urged by defendant is that circumstantial evidence in a criminal case, in order to be sufficient to sustain a verdict of guilty, must be completely inconsistent with a conclusion of defendant's innocence. Defendant relies on Epstein v. United States, 6 Cir. (1949) 174 F.2d 754, 769 and cases therein cited. The Court there stated a rule that where the guilt of a defendant depends entirely upon circumstantial evidence, the burden rests upon the Government to prove its case not only beyond a reasonable doubt,

but to the exclusion of every reasonable hypothesis of innocence.

If the majority rule was ever as stated in *Epstein,* it was overruled by the United States Supreme Court in Holland v. United States (1954), 348 U.S. 121, 75 S. Ct. 127, 99 L.Ed. 150, reh. den. 348 U.S. 932, 75 S.Ct. 334, 99 L.Ed. 731. Although this case was primarily concerned with an instruction as to circumstantial evidence, the Supreme Court stated guidelines which we must follow.

In *Holland,* the Court stated at pages 139–140, 75 S.Ct. at page 137:

"*  *  *  The petitioners assail the refusal of the trial judge to instruct that where the Government's evidence is circumstantial it must be such as to exclude every reasonable hypothesis other than that of guilt. There is some support for this type of instruction in the lower court decisions  *  *  *  but the better rule is that where the jury is properly instructed on the standards for reasonable doubt, such an additional instruction on circumstantial evidence is confusing and incorrect *  *  *.

"Circumstantial evidence in this respect is intrinsically no different from testimonial evidence. Admittedly, circumstantial evidence may in some cases point to a wholly incorrect result. Yet this is equally true of testimonial evidence. In both instances, a jury is asked to weigh the chances that the evidence correctly points to guilt against the possibility of inaccuracy or ambiguous inference. In both, the jury must use its experience with people and events in weighing the probabilities. If the jury is convinced beyond a reasonable doubt, we can require no more."

■ The instructions in the instant case as to circumstantial evidence complied with the teachings of *Holland* and were identical with the pertinent instructions in LaBuy, Jury Instructions in Federal Criminal Cases, § 6.04 (West Pub. Co. 1965). The correct rule as to circumstantial evidence was stated. There was no error in this respect.

■ In assessing the sufficiency of the evidence, we view such evidence and the reasonable inferences to be drawn therefrom in a light most favorable to the Government. United States v. Owens, 7 Cir., 346 F.2d 329, cert. den. 382 U.S. 878, 86 S.Ct. 163, 15 L.Ed.2d 119.

The Government offered proof showing that a ring valued at $150 and currency in the sum of $140 belonging to Robert Morgan were missing from his locker at the Rock Island Golf Club on July 22, 1964; that defendant, although not a member, was seen in the Club on that afternoon by the locker room attendant who noted an unusual white spot in his hair; that two days later, defendant was seen wearing a ring that was later identified as the stolen ring.

On July 24, 1964, a special agent of the F.B.I. accosted defendant who was wearing a diamond ring readily visible. The agent advised defendant of his constitutional rights including his privilege to refrain from making any statement and his right to consult with an attorney before making any statement. Defendant told the special agent he had purchased the ring he was wearing from an individual whom he declined to identify, but said the seller was a member of an out-of-town mob. Defendant denied to the agent that he had ever been at the Rock Island Arsenal Golf Club.

Ronny Dee Womack was called as a witness by the Government. He testified he knew the defendant, and that in November 1965, in Robert's Lounge, which is a bar, defendant told him of his approaching trial involving the theft of a diamond ring at a country club. He testified further that defendant asked him to testify that while sitting at a bar he saw defendant hand a man some money and that the man, in turn, gave defendant a ring. Womack testified he never saw any such transaction.

Defendant caused to be issued a writ of *habeas corpus ad testificandum.* John Henry Morse was produced by the Illi-

nois State Reformatory for Men at Joliet, Illinois, to testify at the trial in the instant case.

Defendant's attorney asked Morse some six questions such as whether he took the ring in evidence from a locker at the Rock Island Arsenal and whether some time later, he gave the ring to defendant. To all questions the witness Morse answered "I refuse to answer that question on the grounds it might tend to incriminate me."

 It is clear that the evidence in this case was sufficient to convince a jury beyond a reasonable doubt that the defendant was guilty of the charge contained in the indictment.

There remains for consideration only the claimed error pertaining to the arguments of counsel as to the witness Morse who was the only witness produced by defendant.

Government's counsel said " * * * Remember the questions that are given by the attorney aren't evidence in this case. Mr. Morse provided not one shred of testimony that you can use in the decision of this case, and if this jury bases its verdict upon a witness's refusal to answer a question because he feels it may incriminate him, then you are abrogating your duty to listen only to the evidence that is presented from the stand, and you are allowing this case to be decided, if you should so decide this—you would be allowing this case to be decided upon a witness's failure to give evidence, rather than a witness's testimony, and I say, for my part, you should totally disregard the fact he was even in the court room."

In his argument to the jury, defense counsel told the jury he had asked Mr. Morse "Did you steal this ring from the locker at the Rock Island Arsenal?" An objection was made by the Government and sustained by the Court, that counsel was arguing a lack of evidence. When defendant's counsel persisted, the Court again sustained an objection and instructed the jury to disregard the argument.

We hold there was no prejudicial error in the ruling of the District Court that defense counsel would not be permitted to argue an inference based upon the refusal of a defense witness to answer questions on the ground that the answer might incriminate him. There surely was a lack of evidentiary value in a witness' refusal to answer questions under the Fifth Amendment privilege. Such a refusal to testify does not have probative relevance on the issue of the defendant's guilt or innocence.

Under the circumstances of this case, we hold that there was no prejudicial error.

The judgment of conviction is

Affirmed.