[No. 42577.    En Banc.    June 14, 1973.]

SAM L. WOOD *et al., Respondents,* v. RICHARD POSTELTHWAITE *et al., Petitioners.*

*Karr, Tuttle, Koch, Campbell, Mawer & Morrow* · and *Frederick M. Meyers,* for petitioners.

*Schroeter, Jackson, Goldmark & Bender, Dillon E. Jackson,* and *Roger M. Leed,* for respondents.

HUNTER, J.—The defendant (petitioner), Richard Postelthwaite, seeks review of a decision of the Court of Appeals reversing a trial court decision in a personal injury action.

The single issue presented to us is whether the trial court properly instructed the jury as to the defense of volenti non fit injuria. After hearing the argument of counsel and considering the entire record, we find the Court of Appeals was correct in its holding on this issue in *Wood v. Postelthwaite,* 6 Wn. App. 885, 496 P.2d 988 (1972). The opinion therein states the facts, correctly sets forth the applicable law and is hereby approved and adopted as the opinion of this court.

■ During oral argument, the defendant raised certain issues concerning the exceptions to the proposed instructions by the plaintiff. However, the defendant failed to raise any of these issues in his petition for review.[1] Issues not raised in a petition for review will not be considered by this court. In *Zukowsky v. Brown,* 79 Wn.2d 586, 488 P.2d 269 (1971), we stated on page 588:

> We granted defendants' petition for review which challenges two of the conclusions of the Court of Appeals. However, plaintiffs' answer to that petition raises for

---

[1] It should be noted that the issues raised in oral argument which were not raised in the defendant's petition for review, were substantially the result of questions interposed from the bench.

review each assignment of error set forth in their opening brief in the Court of Appeals. By reason of this answer, we have considered all assignments of error presented there.

Inherent within this reasoning is the conclusion that this court will not consider matters not placed in issue in either the petition for review or the answer to the petition.

The very concept of a petition for review calls for such a conclusion. Via a petition for review, the petitioner asks this court to review a decision of the Court of Appeals. In the petition, the petitioner assigns error to that portion of the opinion which he thinks is incorrect. We review these petitions, which are granted or denied, based upon the issues presented to us in the petition. The party opposing the petition for review prepares in accordance with the issues raised in the petition. To allow the petitioner to raise issues not addressed in his petition would be an injustice to the party opposing the petition and inconsistent with the rules on appeal. In no other area of appellate work do we allow, as a matter of course, one seeking review by this court to address issues in oral argument that are not addressed in his request for review. We recognize that ROA II-1 provides that "No additional briefs shall be filed unless requested by the supreme court." Thus, one might argue that this court hears all petitions for review de novo. However, the reason this provision is contained in ROA II-1 is to save the parties the additional expense of new briefs. Reprinting an argument would be an additional cost and appear to serve no useful purpose. The fact that we do not require new briefs as a matter of course when considering petitions for review does not relieve one of the duty of furnishing in the petition for review the specific areas in which the petitioner thinks the Court of Appeals erred.

Our decision in this case, to clarify the requirements of a petition for review, is reinforced by our review of the record in which we find no merit to the defendant's contention that the plaintiff did not adequately except to the trial court's failure to give his proposed instructions.

In *Moore v. Mayfair Tavern, Inc.*, 75 Wn.2d 401, 407, 451 P.2d 669 (1969), we stated:

> Of course, under Civil Rule for Superior Court 46, it is no longer necessary for counsel to take formal exception to the giving or refusing of instructions; but counsel is still required to make known to the court the action which he desires the court to take, or to which he objects, and to state the grounds therefor.

The court was well aware of the action the plaintiff wished the court to take. His proposed instructions, plus case citations and argument, well advised the court of his theory of the case and the trial court on at least one occasion acknowledged so. Of the proposed instructions read to the court by the plaintiff, instruction No. 30 alone would have been sufficient to clarify the defect in the instant case.

The opinion of the Court of Appeals is affirmed.

HALE, C.J., FINLEY, ROSELLINI, HAMILTON, STAFFORD, WRIGHT, UTTER, and BRACHTENBACH, JJ., concur.

Petition for rehearing denied August 21, 1973.