Argued August 23, affirmed September 9, reconsideration denied
October 22, petition for review denied November 19, 1974

STATE OF OREGON, *Respondent, v.*
OCIE COLEMAN, JR. (73-4924), *Appellant.*

526 P2d 453

*J. Marvin Kuhn,* Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

*Thomas H. Denney,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before SCHWAB, Chief Judge, and LANGTRY and FOLEY, Judges.

LANGTRY, J.

Defendant appeals from conviction of criminal activity in drugs. ORS 167.207. His two assertions of error are (1) that the court gave an incomplete instruction concerning circumstantial evidence, and (2) that his motion for acquittal based on insufficient evidence should have been granted.

The evidence showed that an officer had defendant's residence under surveillance starting the night of November 16, 1973, and that this continued until a search warrant was executed at the residence the next morning. During the night the officer saw defendant emerge from the residence, go to a place outside and, after looking carefully about, kneel and bury something. As part of the warrant execution the officer went to the same spot and dug up a package which proved to be illegal drugs. Other drugs were found in a woman's purse in the residence. The purse belonged to a woman occupant of the house. It is contended there was insufficient evidence of defendant's possession of any narcotic.

■ (1) The court instructed concerning circumstantial evidence:

> "There are two types of evidence in this case upon which the State may rely. One is direct evidence—such as the testimony of an eyewitness. The other is circumstantial evidence—the proof of a chain of circumstances pointing to the commission of the offense. The proof may be by either type, or a combination of both.
> "The law makes no distinction between direct

and circumstantial evidence but simply requires that the jury be satisfied of the defendant's guilt beyond a reasonable doubt from all of the evidence in the case including such reasonable inferences as seem justified in light of your own experience."

Defendant contends that the instruction is required to contain the "inconsistent-with-any-reasonable-theory-of-innocence" elucidation of the subject found in *State v. Dennis,* 177 Or 73, 77, 159 P2d 838, 161 P2d 670 (1945). This same contention was made in a virtually identical situation as to this point in *State v. Draves,* 18 Or App 248, 524 P2d 1225 (1974), in this court. We rejected that argument in *Draves* in language unnecessary to repeat here, and we consider the law thus pronounced to be now settled in Oregon, absent any change on possible review.

■ (2) The evidence that defendant had been seen to furtively go to the place where the narcotics were found buried, and to go through motions as though he were burying something, all within a few hours before the search, is enough to sustain a fact finding that he had the narcotics first in his actual possession, then in his constructive possession. *See State v. Krohn,* 15 Or App 63, 68, 514 P2d 1359 (1973), Sup Ct *review denied* (1974); *State v. Moore,* 14 Or App 268, 271, 511 P2d 880 (1973); *State v. Harp,* 6 Or App 85, 87-88, n 1, 485 P2d 1123, Sup Ct *review denied* (1971). There is no need to consider the question whether he had any possession of the narcotics found in the purse.

Affirmed.