THE STATE OF WASHINGTON, *Respondent*, v. LUTHER LEE GOSBY *et al, Petitioners.*

*David L. Shorett* and *Philip L. Bleyhl,* for petitioners.

*Christopher T. Bayley, Prosecuting Attorney,* and *Frederick L. Yeatts, Assistant Chief Criminal Deputy,* for respondent.

FINLEY, J.—Luther Lee Gosby and Thomas Eugene Robles were charged and convicted by jury of robbery while armed with a deadly weapon. On appeal, defendants challenged (1) the admission of certain identification testimony and (2) the framing of a jury instruction regarding circumstantial evidence. The Court of Appeals affirmed the conviction. We granted a petition for review. With significant modifications of the opinion of the Court of Appeals, we adhere to the result reached therein affirming the judgment of conviction and the sentence of the trial court.

The pertinent facts are as follows: On December 26, 1972, the Rainier Beach Tavern was robbed of $230 plus wine and cigarettes. The only employee on duty was held at knife point by one assailant while the other assailant removed the money from the cash register. No other persons were present at the time of the robbery. Defendants denied that they were the perpetrators of the crime, and the trial accordingly became focused upon the identity of the robbers.

It is undisputed that the defendants had visited the tavern several times on the morning of the robbery, and from the testimony of two women—Ms. Gosby (sister of defendant Gosby) and Ms. Putnam—there is circumstantial-inferential evidence that the defendants were in the tavern at the time of the robbery. Both of these women testified that they entered the tavern early in the morning and, soon thereafter, the defendants also entered. The women later left the tavern, with the defendants still inside. Shortly thereafter, the robbery occurred. However, another woman, Ms. Ballard, testified that defendant Robles left the tavern at her request, from which it could be inferred that Robles was not present at the robbery.

The employee of the tavern testified as to the identity of the robbers. Defendant Robles moved to exclude this testi-

mony on the grounds that it was inherently unreliable because it contained numerous inconsistencies, *e.g.*, (1) a few days after the robbery, the employee stated that she could not identify the robbers, but at trial she could not recall making this statement; (2) at a lineup, the employee identified defendant Robles as one of the robbers, but she mistakenly identified one Donald Grimes as the other participant rather than defendant Gosby who also was in the lineup; (3) at the preliminary hearing, the employee testified that Gosby held the knife to her while Robles took the money from the cash register, but at the trial she reversed the alleged roles of the defendants; (4) at the trial, the employee testified that the robbers had long bushy sideburns, but uncontradicted expert testimony was given to the effect that defendant Robles is physically incapable of growing such sideburns. The motion to exclude was denied, the employee's testimony was admitted, and the defendants were subsequently convicted.

The legal issues to be resolved in this case are essentially twofold: (1) whether the eyewitness testimony of the employee as to the identity of the robbers should have been excluded because it was inherently unreliable? (2) what is the proper jury instruction to be given in criminal cases in which *both* direct and circumstantial evidence is presented with respect to an element of the offense charged?

■ First, with respect to the question of whether the testimony of the employee should have been excluded, the traditional common-law rule is that any evidence tending to identify the accused is relevant, competent, and therefore, admissible. Uncertainty or inconsistencies in the testimony affects only the weight of the testimony and not its admissibility. *State v. Spadoni*, 137 Wash. 684, 243 Pac. 854 (1926); *State v. Gersvold*, 66 Wn.2d 900, 406 P.2d 318 (1965). *Cf. State v. James*, 165 Wash. 120, 4 P.2d 879 (1931).

Defendants urge this court to modify the above rule and to establish a "base line" of reliability below which evidence must not fall in order to be admitted. However, the

cases cited by defendants have been examined and simply do not support such a proposition. Nor do we perceive any sound policy justifications for such a rule. On the contrary, a defendant is adequately protected from the prospect of being convicted on the basis of factual error by the constitutional requirement that guilt must be proven beyond a reasonable doubt. *In re Winship*, 397 U.S. 358, 25 L. Ed. 2d 368, 90 S. Ct. 1068 (1970). Moreover, an appellate court will readily reverse a jury conviction resting on insufficient evidence. *See State v. Gillingham*, 33 Wn.2d 847, 207 P.2d 737 (1949). Therefore, at best defendants' proposed rule would be simply duplicative of current protections against error. At worst, it could operate in actual practice to prevent the State as well as defendants from presenting arguably significant evidence to the trier of fact.

Under these circumstances, we are not inclined to engraft a further exception onto the general rule that relevant and competent evidence is admissible. Accordingly, we hold that the testimony of the employee of the tavern was properly admitted.

The second issue for our consideration relates to the proper manner of instructing the jury in criminal cases where *both* direct and circumstantial evidence is presented on an element of the crime charged. Defendants assign as error the following instruction given by the trial court to the jury:

> I instruct you that evidence may be of two kinds, direct or circumstantial. Direct evidence relates directly to factual questions and is produced by witnesses testifying from their direct personal observation or other direct sensory perceptions. Circumstantial evidence relates to facts and circumstances from which the jury may infer other or connected facts which usually and reasonably follow according to the common experience of mankind. *If circumstantial evidence is considered by you, it should be consistent with guilt and it should be inconsistent with innocence.*
>
> If upon consideration of the whole case, you are satisfied beyond a reasonable doubt of the guilt of any de-

fendant, it does not matter whether such certainty has been produced by direct evidence, or by circumstantial evidence, or by both.

(Italics ours.) Instruction No. 10. Each defendant proposed his own circumstantial evidence instruction[1] and excepted to the instruction given by the trial court. However, the question was raised by this court at oral argument as to whether the defendants *properly* excepted to the trial court's instruction in accordance with the mandates of CrR 6.15(c) which provides in pertinent part:

The party objecting shall state the reasons for his objection, specifying the number, paragraph, and particular part of the instruction to be given or refused.

It is not absolutely clear from the record that counsel for defendants specifically informed the trial court of the rea-

---

[1]Defendant Gosby's proposed instruction No. 6 reads in pertinent part:

In order to sustain a conviction on circumstantial evidence alone, however, the circumstances proved by the State must not only be consistent with each other and consistent with the hypothesis that the accused is guilty, but also must be inconsistent with any hypothesis or theory which would establish, or tend to establish, his innocence.

This proposed instruction was technically erroneous under existing law because it should have indicated that the circumstantial evidence must be inconsistent with any *reasonable* hypothesis which would tend to establish innocence; it should not have indicated that the circumstantial evidence must be inconsistent with *any* hypothesis which would tend to establish innocence. *See* *State v. Smith*, 74 Wn.2d 744, 446 P.2d 571 (1968).

Defendant Robles' proposed instruction reads as follows:

You are not permitted to find the defendant guilty of the crime charged against him based on circumstantial evidence unless the proved circumstances are not only consistent with the theory that the defendant is guilty of the crime, but can not [*sic*] be reconciled with any other rational conclusion and each fact which is essential to complete a set of circumstances necessary to establish the defendant's guilt proved beyond a reasonable doubt.

Also if the evidence is susceptible of two reasonable interpretations one of which points to the defendant's guilt and the other to his innocence it is your duty to adopt that interpretation which points to the defendant's innocence and reject that which points to his guilt.

sons for the exceptions taken to instruction No. 10. Nevertheless, for two reasons, we are convinced that the question of the propriety of the trial court's instruction has been properly preserved on appeal. First, the State's brief has not challenged the sufficiency of the defendants' exceptions and, indeed, the State conceded at oral argument that the exceptions were properly taken. Therefore, we need not even consider the question of whether the exceptions satisfied the requirements of CrR 6.15 (c).

■ But more importantly, when an exception is taken in such a fashion that the purpose of the rule requiring specificity is satisfied, *i.e.*, so that the trial court is informed of the alleged error, thereby affording it the opportunity to rectify any possible mistakes without the necessity and expense of an appeal, then this court has consistently held the exception to be sufficient. *Brunner v. John*, 45 Wn.2d 341, 274 P.2d 581 (1954); *McGovern v. Greyhound Corp.*, 53 Wn.2d 773, 337 P.2d 290 (1959); *Wood v. Postelthwaite*, 82 Wn.2d 387, 510 P.2d 1109 (1973); *Kjellman v. Richards*, 82 Wn.2d 766, 514 P.2d 134 (1973). In the instant case, two features of the record convincingly demonstrate that the purpose of CrR 6.15 (c) has been achieved. First—as in *Brunner* and *Postelthwaite*—at least defendant Gosby's proposed instruction was accompanied by citations to Washington cases which helped to direct the trial judge's attention to the precise legal issue involved. Second and more significantly—as in *Postelthwaite* and *McGovern*—the trial judge acknowledged in the record that he understood why the exceptions were taken, *i.e.*, he discussed the cases cited by defense counsel, stated that he had read them "carefully" and then proceeded to distinguish them. In short, the record makes clear that the trial judge was aware of defendants' theory and ruled that it should not be submitted to the jury. Therefore, the exceptions must be deemed to have been properly taken.

As a final procedural matter, the Court of Appeals stated that defendant Robles' proposed instruction was untimely —apparently because the instruction was not served and

filed at the time the case was called for trial as required by CrR 6.15(a). However, this same rule allows additional instructions which could not reasonably be anticipated to be served and filed at any time before the court has instructed the jury. Counsel for defendant Robles informed the trial court that the reason his original set of proposed instructions did not contain a circumstantial evidence instruction was because, based upon his investigation of the case, he did not anticipate that circumstantial evidence would play a vital role in the case. This statement was not questioned by the trial judge. Indeed, it does not appear that the trial judge considered the proposed instruction to be untimely since he read the instruction, explained why it was not applicable to the instant case, and then gave counsel the opportunity to file the instruction which he promptly did. Therefore, we hold that defendant Robles' proposed instruction was timely under CrR 6.15(a).

Hence, we must squarely confront the more significant aspect of this case, *viz.*, defendants' argument that the trial court erred in failing to insert the traditional multiple-hypothesis instruction, to the effect that to sustain a conviction on circumstantial evidence alone, the circumstances proved by the State must not only be consistent with each other and consistent with the hypothesis that the accused is guilty, but also must be inconsistent with any reasonable hypothesis or theory which would establish, or tend to establish, his innocence. *See State v. Gillingham*, 33 Wn.2d 847, 207 P.2d 737 (1949); *State v. Parker*, 74 Wn.2d 269, 444 P.2d 796 (1968); *State v. Smith*, 74 Wn.2d 744, 446 P.2d 571 (1968). Instead, the trial judge simply employed the following language:

> If circumstantial evidence is considered by you, it should be consistent with guilt and it should be inconsistent with innocence.

Instruction No. 10.

When the prosecution's case rests upon a mixture of circumstantial and direct evidence, or, for that matter

when the case rests upon circumstantial evidence alone, the federal approach is that the multiple-hypothesis instruction need not be given. It is sufficient that the jury is adequately charged on reasonable doubt. *Holland v. United States*, 348 U.S. 121, 99 L. Ed. 150, 75 S. Ct. 127 (1954); *Taglianetti v. United States*, 398 F.2d 558 (1st Cir. 1968); *United States v. Warren*, 453 F.2d 738 (2d Cir. 1972); *United States v. Johnson*, 337 F.2d 180 (4th Cir. 1964), *aff'd*, 383 U.S. 169, 15 L. Ed. 2d 681, 86 S. Ct. 749 (1966); *Sowers v. United States*, 255 F.2d 239 (5th Cir. 1958); *Continental Baking Co. v. United States*, 281 F.2d 137 (6th Cir. 1960); *United States v. Atnip*, 374 F.2d 720 (7th Cir. 1967); *United States v. Francisco*, 410 F.2d 1283 (8th Cir. 1969); *Urban v. United States*, 237 F.2d 379 (9th Cir. 1956); *United States v. Martine*, 442 F.2d 1022 (10th Cir. 1971); *Davis v. United States*, 433 F.2d 1222 (D.C. Cir. 1970). Several state supreme courts have recently reconsidered the issue and have opted to follow the federal rule. *See, e.g., State v. Seelen*, 107 Ariz. 256, 485 P.2d 826 (1971); *Jordan v. State*, 481 P.2d 383 (Alas. 1971); *People v. Bennett*, 183 Colo. 125, 515 P.2d 466 (1973); *State v. Wilkens*, 215 Kan. 145, 523 P.2d 728 (1974); *State v. Jackson*, 331 A.2d 361 (Me. 1975); *Vincze v. State*, 86 Nev. 546, 472 P.2d 936 (1970); *State v. Mayberry*, 52 N.J. 413, 245 A.2d 481 (1968), *cert. denied*, 393 U.S. 1043, 21 L. Ed. 2d 593, 89 S. Ct. 673 (1969); *State v. Coleman*, 18 Ore. App. 600, 526 P.2d 453 (1974).

However, current Washington law requires that the multiple-hypothesis instruction be given when the state's case rests entirely upon circumstantial evidence. *State v. Cadena*, 74 Wn.2d 185, 443 P.2d 826 (1968); *State v. Gunderson*, 74 Wn.2d 226, 444 P.2d 156 (1968); *State v. Parker*, 74 Wn.2d 269, 444 P.2d 796 (1968); *State v. Smith*, 74 Wn.2d 744, 446 P.2d 571 (1968).

The underlying rationale for the requirement that a circumstantial-evidence instruction should be given when circumstantial evidence is involved is predicated upon the assumption that circumstantial evidence is inherently sus-

picious and less trustworthy than is direct evidence. It is assumed that the multiple-hypothesis instruction is desirable in order to guard against an improper reliance and use by the jury of tenuous circumstantial evidence.

■■ However, the United States Supreme Court explicitly rejected the validity of this assumption in *Holland v. United States, supra,* and we think we should reject it now. It is simply untenable to assume that circumstantial evidence is less reliable than is direct evidence. Sometimes direct evidence is more probative or reliable, but many times circumstantial evidence may be more probative or reliable. For instance, clear fingerprints found at the scene of a crime may be strong and reliable circumstantial evidence as to who committed the crime. In contrast, an eyewitness identification as to who committed a crime is direct evidence, but it may be extremely unreliable due to innumerable factors such as poor visibility at the time of the crime, failing memory of the witness due to a time lag between the commission of the crime and the identification, et cetera.

Professor Wigmore is in accord with this analysis and contends that:

> [I]t can be said that there are no rules, in our system of Evidence, prescribing for the jury the precise effect of any general or special class of evidence. So far as logic and psychology assist us, their conclusions show that it is out of the question to make a general assertion ascribing greater weight to one class or to the other. The probative effect of one or more pieces of either sort of evidence depends upon considerations too complex. Science can only point out that each class has its special dangers and its special advantages.

1 J. Wigmore, *Evidence* § 26 (3d ed. 1940).

In short, whether direct evidence or circumstantial evidence is more trustworthy and probative depends upon the particular facts of the case and no generalizations realistically can be made that one class of evidence is per se more reliable than is the other class of evidence. Obviously, since circumstantial evidence is not per se less reliable than is

direct evidence, there is no need to give the multiple-hypothesis instruction when circumstantial evidence is involved.

In addition to the lack of a need for giving a circumstantial-evidence instruction when circumstantial evidence is involved, we think the instruction is essentially a convoluted one, the main effect of which is to confuse the jury, possibly implying that a higher standard than reasonable doubt is necessary to render a verdict of guilty when circumstantial evidence is employed. Again, Professor Wigmore is in accord, stating:

[W]hen anything more than a simple caution and a brief definition [of reasonable doubt] is given, the matter tends to become one of mere words, and the actual effect upon the jury, instead of being enlightenment, is likely to be rather confusion, or, . . . a continued incomprehension. In practice, these detailed amplications of the doctrine have usually degenerated into a mere tool for counsel who desire to entrap an unwary judge into forgetfulness of some obscure precedent, or to save a cause for a new trial by quibbling, on appeal, over the verbal propriety of a form of words uttered or declined to be uttered by the judge. The effort to perpetuate and develop these elaborate unserviceable definitions is a useless one, and serves today chiefly to aid the purposes of the tactician. It should be abandoned:

9 J. Wigmore, *Evidence* § 2497 (3d ed. 1940).

We are convinced that the federal rule is the better reasoned one. Whether direct evidence, circumstantial evidence, or a combination of these two types of evidence is involved, the jury should only be instructed that it must be convinced beyond a reasonable doubt that the defendant is guilty. The so-called multiple hypothesis circumstantial evidence instruction which has been required in this state pursuant to *State v. Cadena, supra, State v. Gunderson, supra, State v. Parker, supra,* and *State v. Smith, supra,* should no longer be given and *State v. Cadena, supra, et seq.* are hereby overruled to the extent they are inconsistent with the views expressed herein.

In the instant case the jury was instructed adequately on reasonable doubt. As indicated this is sufficient. It comports with the federal rule emphasized and with the views expressed hereinbefore.

■ While a variation of the traditional circumstantial evidence instruction was given in the instant case, the confusion which this instruction may have engendered was its possible implication that a higher standard than reasonable doubt was necessary in order to convict a defendant on circumstantial evidence. Hence, if anything, the giving of the instruction was favorable to the defendants and was not reversible error.

For the foregoing reasons, the result reached by the Court of Appeals and the judgment of conviction and sentence of the trial court should be affirmed. It is so ordered.

STAFFORD, C.J., and ROSELLINI, HUNTER, HAMILTON, WRIGHT, UTTER, BRACHTENBACH, and HOROWITZ, JJ., concur.

Petition for rehearing denied October 27, 1975.