[No. 29178-9-II.    Division Two.    March 30, 2004.]

THE STATE OF WASHINGTON, *Respondent*, v. THOMAS R.
WILLIAMSON, *Appellant*.

*Andrew L. Subin*, for appellant.

*Deborah S. Kelly*, *Prosecuting Attorney*, and *Cheryl Taylor*, *Deputy*, for respondent.

¶1 ARMSTRONG, J. — Thomas Williamson appeals his conviction and exceptional sentence for two counts of rape of a child, two counts of child molestation, three counts of tampering with a witness, and one count of bribing a witness. He contends that the trial court should have granted his motion for a mistrial because of juror misconduct and should have allowed him to question the remaining jurors about the misconduct. He also argues that the evidence was insufficient to find that he tampered with a witness. Finally, Williamson maintains that the court erred in imposing an exceptional sentence. Since our original opinion in this case, the United States Supreme Court has held that a jury must find the facts necessary to impose an exceptional sentence. *Blakely v. Washington*, 542 U.S. 296, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004). Because no jury found the exceptional sentence facts here, we vacate Williamson's exceptional sentence and remand for resentencing. We affirm his convictions.

## FACTS

¶2 During the four years he lived with M.K. and her mother, Thomas Williamson forced M.K. to engage in sexual acts with him and others. The conduct, which included improper touching and fellatio, started in 1998, when M.K. was six years old, and continued until a month before she was put into foster care in April 2001.

¶3 Sixteen-year-old D.R. often spent time at the Williamson residence. He testified that from 1999 until April 2001, Williamson sexually abused both him and M.K. almost every weekend. The incidents included fellatio and anal intercourse. Williamson also masturbated while D.R. had fellatio with M.K., and Williamson had fellatio with M.K. more than 12 times.

¶4 The State charged Williamson with four counts of child rape, two counts of child molestation, two counts of furnishing alcohol to a minor, four counts of witness tampering, and one count of bribing a witness.

¶5 Before the trial, Williamson met D.R. at a local motel. He spoke to D.R. about changing his story and then drove D.R. to his attorney's office to recant. Although D.R. did recant, he later decided to testify about the sexual conduct.

¶6 A month before trial, Williamson again met with D.R. and took him for a drive to Mount Angeles. During the drive, Williamson asked D.R. to recant his allegations of sexual abuse. Williamson offered to give D.R. a share of his marital property after his dissolution if he would do so. Williamson also asked D.R. to contact M.K. and tell her that her mother and father would go to jail if she did not take back her statement. After the drive to Mount Angeles, Williamson again drove D.R. to his attorney's office to recant. After D.R. failed to go into the attorney's office, Williamson called D.R. and continued to urge him to recant. D.R. never contacted M.K. about recanting.

¶7 Williamson denied any inappropriate contact with M.K. or D.R. He admitted contacting D.R. before trial, but claimed he had asked him only to be honest.

¶8 Near the end of Williamson's trial, his attorney learned that a juror had allegedly discussed the case with co-workers and had already concluded that Williamson was guilty. Williamson's attorney explained to the trial judge that she and her secretary were at a bar when a woman told them she had overheard one of the jurors say Williamson should be hung. The attorney did not know the woman's name, but she gave the judge a physical description of her.

¶9 The trial judge first proposed making the juror the alternate, but when Williamson's attorney continued to object, the judge excused the juror and replaced her with an alternate. Before excusing the juror, the judge asked her if she had talked with other jurors about the case. The juror said she had not. The trial court rejected Williamson's request to question other jurors about whether

the juror had discussed the case, given her opinion about Williamson's guilt, or discussed any other improper matters with the other jurors. The trial court also denied Williamson's motion for a mistrial.

¶10 The jury convicted Williamson of first degree child rape (count 1), third degree child rape (count 2), first degree child molestation (count 3), third degree child molestation (count 4), three counts of tampering with a witness (counts 10-12), and bribing a witness (count 13). Calculating Williamson's offender score at 13, the judge imposed a 340-month exceptional sentence for the first degree child rape (M.K.) with shorter, concurrent sentences on the other counts.

## ANALYSIS

### Witness Tampering

¶11 Williamson argues that there was insufficient evidence that he induced a witness (M.K.) not to testify. He contends that his words "contained no express threat nor any promise of reward." Appellant's Br. at 19. In addition, he maintains that insufficient evidence supports the conviction because neither he nor D.R. ever contacted M.K.

¶12 Evidence is sufficient to support a conviction if, viewed in the light most favorable to the prosecution, it permits any rational trier of fact to find the essential elements of the crime beyond a reasonable doubt. *State v. Salinas*, 119 Wn.2d 192, 201, 829 P.2d 1068 (1992). "A claim of insufficiency admits the truth of the State's evidence and all inferences that reasonably can be drawn therefrom." *Salinas*, 119 Wn.2d at 201 (citation omitted). Circumstantial evidence and direct evidence are equally reliable. *State v. Delmarter*, 94 Wn.2d 634, 638, 618 P.2d 99 (1980) (citing *State v. Gosby*, 85 Wn.2d 758, 539 P.2d 680 (1975)).

¶13 Here, Williamson asked D.R. to tell M.K. that her "daddy and mommy are going to jail if you don't recant your statement, take it back." Report of Proceedings (Mar. 26, 2002) at 92. Citing *State v. Rempel*, 114 Wn.2d 77,

785 P.2d 1134 (1990), Williamson argues that his message to M.K. was a "true statement of the legal situation, not an inducement or attempted inducement." Appellant's Br. at 17. In *Rempel*, the court held that the defendant's apology, a statement that it was going to ruin his life, and a request that the victim drop the charges did not amount to a request to withhold testimony or a threat or promise to induce the victim to withhold testimony. *Rempel*, 114 Wn.2d at 83. But Williamson's message went beyond the message in *Rempel*. He specifically asked M.K. to take back her statement. And he coupled the request with an explanation of the adverse consequences to him and his wife if M.K. did not. Moreover, the consequences were not true. Williamson's wife did not risk jail if M.K. testified. Accordingly, *Rempel* does not help Williamson.

¶14 We also disagree with Williamson that witness tampering requires an actual contact with the witness. Tampering is an attempt to induce the witness not to testify. RCW 9A.72.120. The statute states: "(1) A person is guilty of tampering with a witness if he . . . attempts to induce a witness . . . to: (a) Testify falsely or . . . to withhold any testimony." RCW 9A.72.120(1)(a).

¶15 A person violates the witness intimidation statute even if the threat is not communicated to the victim. *State v. Anderson*, 111 Wn. App. 317, 44 P.3d 857 (2002). And a person is guilty of intimidating a judge even if the threat is not communicated. *State v. Hansen*, 122 Wn.2d 712, 862 P.2d 117 (1993). The statutory language here compels the same result.

¶16 A person tampers with a witness if he *attempts* to alter the witness's testimony. "A person is guilty of an attempt to commit a crime if, with intent to commit a specific crime, he or she does any act which is a substantial step toward the commission of that crime." RCW 9A.28.020(1). Williamson completed his attempt to alter M.K.'s testimony when he asked D.R. to talk with M.K. about changing her testimony.

¶17 Viewed in the light most favorable to the State, the evidence was sufficient to convict Williamson on the charge of tampering with the witness M.K.

¶18 Affirmed.

¶19 A majority of the panel having determined that only the foregoing portion of this opinion will be printed in the Washington Appellate Reports and that the remainder shall be filed for public record pursuant to RCW 2.06.040, it is so ordered.

HOUGHTON and BRIDGEWATER, JJ., concur.