IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 33597-6-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| CRYSTAL RAIN FUCHS, | ) | |
| | ) | |
| Appellant. | ) | |

PENNELL, J. — Crystal Rain Fuchs appeals her convictions for attempting to elude

a pursuing police vehicle, first degree negligent driving and reckless driving. She argues

insufficient evidence supports the convictions. We conclude the State presented

sufficient evidence and affirm.

FACTS

The facts are drawn from the trial court's unchallenged findings of fact and are

verities here. *State v. Cheatam*, 150 Wn.2d 626, 633, 81 P.3d 830 (2003). At about

No. 33597-6-III
*State v. Fuchs*

1:20 a.m. on October 7, 2014, Clarkston Police Officer Greg Adelsbach was on patrol when he saw two cars which appeared to be racing and were traveling at a speed of about 50 m.p.h. in a 25 m.p.h. zone. Clerk's Papers (CP) at 64. Officer Adelsbach was in full uniform and in a marked patrol car equipped with lights and sirens. One of the racing vehicles, a red Toyota truck, was registered to Crystal R. Fuchs.

After observing the vehicles traveling at excessive speeds, Officer Adelsbach attempted to conduct a traffic stop on the red truck by activating his overhead lights. The truck failed to stop or yield. Officer Adelsbach then activated his siren. The truck still did not yield and proceeded to make abrupt turns at a high rate of speed and failed to slow down at two different stop signs. Officer Adelsbach could not keep pace with the truck and eventually stopped the pursuit, fearing for the safety of people and property in the area. At that point, he noticed the tail lights of the truck had become stationary, indicating the truck had stopped.

Officer Adelsbach caught up with the truck, which had gone over the curb onto the sidewalk. He observed fresh tire skid marks from the truck, then parked his patrol car behind the truck with his emergency lights still activated.

When Officer Adelsbach approached the truck, he found that it was still running with the keys in the ignition, but the driver was no longer in the vehicle. Inside the truck,

2

Officer Adelsbach found Ms. Fuchs' purse with her identification. The identification indicated that Ms. Fuchs was 5'01" tall. He also found a cell phone, which was playing music. Ms. Fuchs later identified the cell phone as her own. Officer Adelsbach noticed the seat was positioned all the way forward toward the steering wheel, indicating the driver had to be about five feet tall.

Officer Michael Bambino, who had also responded to the scene, noted the truck had a manual transmission and that it would have been nearly impossible to operate the truck with the seat positioned fully forward if the driver was much taller than five feet. He also noted the cell phone was locked and password protected, indicating that whoever had operated the phone would have known the password.

After driving a few blocks from the scene, Officer Bambino observed a female about five feet tall walking on the sidewalk. The officer activated his emergency lights and stopped the female, who identified herself as Crystal Fuchs. Ms. Fuchs stated that she was walking from Lewiston, Idaho, to her boyfriend's house in Clarkston. She also told the officers that her truck had just been stolen from a Zip Trip gas station in Lewiston.

Both officers noticed the knees of Ms. Fuchs' pants were wet and that she had fresh grass clippings on her shoes and pants, indicating she had been kneeling in a damp,

3

grassy area. Both officers could smell alcohol on Ms. Fuchs' breath.

Officer Bambino called the Zip Trip in Lewiston. The clerk remembered that Ms. Fuchs had been in the store, but could not recall the time. The clerk was not alerted to Ms. Fuchs' truck being stolen.

The State charged Ms. Fuchs with attempting to elude a pursuing police vehicle, reckless driving and first degree negligent driving. At the bench trial, Ms. Fuchs' ex-husband testified that he was with Ms. Fuchs at the Zip Trip in Lewiston, but he did not see her truck get stolen. He stated that he left the Zip Trip before she did.

Ms. Fuchs testified that before going into the Zip Trip, she observed two suspicious-looking individuals. She stated that she left her truck unlocked, her driver's side window down, and the keys in the ignition when she went into the store. She also testified that she threw her purse into the truck after exiting the store and then walked away from her truck to go talk to her ex-husband. Ms. Fuchs claimed that at that point, one of the two people she had observed outside the store, got in her truck and drove off in it. Ms. Fuchs did not call the police. The store clerk later told police she did not recall a male accompanying Ms. Fuchs.

The trial court found Ms. Fuchs' testimony "so completely devoid of common sense as to be wholly incredible." CP at 67. The trial court found her guilty of all three

4

No. 33597-6-III
*State v. Fuchs*

charges.

## ANALYSIS

Ms. Fuchs argues the State failed to present sufficient evidence to prove the three convictions. Evidence is sufficient if, when viewed in a light most favorable to the State, it permits any rational trier of fact to find the essential elements of the crime beyond a reasonable doubt. *State v. Salinas*, 119 Wn.2d 192, 201, 829 P.2d 1068 (1992). "A claim of insufficiency admits the truth of the State's evidence and all inferences that reasonably can be drawn therefrom." *Id.* Circumstantial and direct evidence are equally reliable. *State v. Delmarter*, 94 Wn.2d 634, 638, 618 P.2d 99 (1980).

To find Ms. Fuchs guilty of attempting to elude a pursuing police vehicle, the State must prove beyond a reasonable doubt that Ms. Fuchs, after being given a visual or audible signal to stop, willfully failed or refused to immediately bring her vehicle to a stop and drove in a reckless manner while attempting to elude a pursuing police vehicle. RCW 46.61.024(1). Reckless driving requires proof that a person drove "any vehicle in a willful or wanton disregard for the safety of persons or property." RCW 46.61.500(1). First degree negligent driving requires proof that a person while under the influence of alcohol or drugs (1) negligently operated a motor vehicle and (2) endangered or was likely to endanger any person or property. RCW 46.61.5249(1)(a).

5

Ms. Fuchs contends the State failed to provide direct evidence that she was the driver of the truck. She argues all of the facts supporting the State's theory that she was the driver of the truck support her argument that her truck was stolen. Her argument is not persuasive.

The identity of a criminal defendant is a question of fact and "any relevant fact, either direct or circumstantial, which would convince [the fact-finder] of the identity of a person should be received and evaluated." *State v. Hill*, 83 Wn.2d 558, 560, 520 P.2d 618 (1974). Circumstantial evidence often may be more probative than direct evidence. *State v. Gosby*, 85 Wn.2d 758, 766, 539 P.2d 680 (1975).

Here, ample circumstantial evidence supports a finding that Ms. Fuchs was the driver of the truck. To briefly recap, when officers arrived at the scene, the truck was still running with the key in the ignition. Ms. Fuchs' wallet and cell phone were in the truck. The seat was positioned so far forward that only a person approximately five feet tall would be able to operate the truck. Ms. Fuchs is about five feet tall. Ms. Fuchs was located a few blocks from her truck. After a search, the officer observed no one else in the area. Ms. Fuchs' pants were wet at the knees and her shoes had grass clippings, leading a reasonable person to conclude that she had been kneeling in grass to hide from officers.

6

No. 33597-6-III
*State v. Fuchs*

The trial court rejected Ms. Fuchs' version of events, finding her testimony "just frankly...incredible." Report of Proceedings at 165. Because it is the trier of fact's responsibility to resolve credibility issues and determine the weight of the evidence, we defer to it on issues of conflicting testimony, credibility of witnesses, and the persuasiveness of the evidence. *State v. Camarillo*, 115 Wn.2d 60, 71, 794 P.2d 850 (1990). We conclude sufficient evidence supports Ms. Fuchs' convictions.

Ms. Fuchs' judgment and sentence is affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Pennell, J.

WE CONCUR:

_____                    _____
Lawrence-Berrey, A.C.J.                                          Siddoway, J.

7