FOREST PRODUCT & MFG. CO. *v.* BUCKLEY.

[66 South. 279.]

1. LOGS AND LOGGING. *Sale of standing timber. Cancellation. Courts.
Rules of decision. Stare decisis. Partition. Nature of remedy.
Sale of land.*

The owner of land in fee, who by warranty deed conveyed the
timber standing thereon, together with the right to enter and
remove the same, without limiting the time of its removal, is
not entitled to a cancellation of the deed because the purchaser
has failed to remove the timber in a reasonable time.

2. COURTS. *Rules of decision. Stare decisis.*

A former decision of the supreme court announcing a rule of
property should not be departed from unless the rule therein
announcing it is not only manifestly wrong but mischievous.

3. PARTITION. *Nature of remedy. Sale of land.*

The sale of land for a partition is regulated by statute, and is
not dependent upon the common law, or the general principles
of equity.

4. PARTITION. *Right of parties. Partition of land and standing timber.*

Under Code 1906, section 3521, providing for partition of lands
held by joint tenants, tenants in common or coparceners, an
owner of land, who has sold to another the standing timber
thereon is not entitled to a partition since the parties do not
hold as provided in the statute.

APPEAL from the chancery court of Lawrence county.
HON. R. E. SHEEHY, Chancellor.

107 Miss. 57

Bill by T. R. Buckley against the Forest Product & Manufacturing Company. From a decree overruling a demurrer to the bill, defendant appeals.

The facts are fully stated in the opinion of the court.

*Green & Green,* for appellant.

*Butler, Easterling & Potter,* for appellee.

Smith, C. J., delivered the opinion of the court.

On May 18, 1899, appellee executed and delivered to the Pearl River Lumber Company the following conveyance:

"For and in consideration of the sum of one hundred dollars cash in hand to us paid, the receipt whereof is hereby acknowledged upon the delivery of these presents, we do hereby convey and warrant unto the Pearl River Lumber Company, a Mississippi corporation, all timber and timberlike trees being, growing, and standing upon the following described lands, situated, lying, and being in Lawrence Co., Mississippi, to wit: Northwest quarter of northeast quarter, section 22, township 9, range 20 west, forty acres more or less, with the right to enter, cut, and remove the same at pleasure; also the right to construct and operate a railroad or tramway over the same, and a perpetual right of way of one hundred feet between parallel lines for railroad purposes."

Afterwards the title to this timber by *mesne* conveyances from the Pearl River Lumber Company became vested in appellant. The timber conveyed by this deed remaining uncut, appellee filed his bill in the court below in December, 1910, alleging that, inasmuch as appellant and its grantors had failed to remove the timber within a reasonable time, it had lost all right so to do, as well as its title thereto, and praying, first, that the deed made to him to the Pearl River Lumber Company, together with the other conveyances by which the title

came to appellant, be canceled and held for naught; and, second, if mistaken in this, that the land, together with the trees growing thereon, be sold and the proceeds divided between appellant and appellee.   In the brief of counsel for appellee it is stated that this division should be made as follows:

"The Forest Product & Manufacturing Company to be awarded the value of the pine timber growing on the land in 1899, and Buckley to be awarded the value of the land as land, and the value of the timber which has grown on the land since 1899."

To this bill appellant interposed a demurrer, and from a decree overruling this demurrer this appeal is taken.

Counsel for appellee frankly concede that, in order for the first of appellee's contentions to be sustained, it will be necessary for us to overrule the case of *Butterfield* v. *Guy,* 92 Miss. 361, 46 So. 78, 15 L. R. A. (N. S.) 1123, 131 Am. St. Rep. 540, but they very strenuously urge, after an exhaustive review of the authorities, that this case was not well considered, is unsound, and should be overruled.   We have given this argument most careful consideration, and must decline to overrule *Butterfield* v. *Guy,* for the reason, first, that in our judgment that case was correctly decided; and, second, even should we concede its unsoundness, the rule there announced is one of property, to which contracts for the sale of standing timber can be easily made to conform.   A former decision of this court should not be departed from, unless the rule therein announced is not only manifestly wrong, but mischievous.   It follows, therefore, that appellee is not entitled to the cancellation of the deeds prayed for.

The sale of land for a partition is regulated by statute, and is not dependent upon the common law or the general principles of equity.   Section 3521 of the Code provides:

"Partition of land held by joint tenants, tenants in common, or coparceners, having an estate in possession

or a right of possession and not in reversion or remainder, whether the joint interest be in the freehold or in a term of years not less than five, may be made by decree of the chancery court of that county in which the lands, or some part thereof, are situated," etc.

By section 3521 the court is authorized to sell the land when incapable of a partition in kind, and divide the proceeds thereof among the parties interested. It seems clear that the parties hereto do not hold the property in question either as joint tenants, tenants in common, or coparceners, and therefore they do not come within the terms of the statute. Appellee has parted with all of his title to the trees, and has no further interest therein. Appellant owns no part of the land as such, but simply owns the trees standing thereon, with the incidental right of having them remain on and receive sustenance from the soil until they shall be cut and removed. The situation of the parties hereto is substantially the same as that of persons who own different rooms in the same building, or as that created when the owner of the soil sells the coal or other mineral lying beneath the surface; and it has never been held, so far as we are aware, that parties thus situated are joint tenants or tenants in common. The case of *White* v. *Lefoldt,* 78 Miss. 173, 28 So. 818, seems to be conclusive of this controversy, for the reason that the ownership of the house in that case was similar to the ownership of the trees in the case at bar.

Appellee is entitled neither to a cancellation of the deeds nor to a sale of the land for partition. The decree of the court below will therefore be reversed, the demurrer will be sustained, and the bill dismissed.

*Reversed.*