LAMAR, Justice,
for the Court:
¶ 1. Roger Gillett was convicted of two counts of capital murder and sentenced to death on each. This Court affirmed his convictions and sentences on direct appeal in Gillett v. State, 56 So.3d 469 (Miss.2010), cert. denied, — U.S.-, 132 S.Ct. 844, 181 L.Ed.2d 552 (2011). Gillett now petitions for post-conviction relief, seeking permission to proceed in the trial court. Gillett raises six issues, which we have organized as follows:
(1) The underlying capital-murder ag-gravator of robbery was improperly expanded;
(2) Conviction of capital murder under the “continuous-action doctrine” was unconstitutional, as Gillett was not given required fair notice;
(3) Gillett’s trial counsel were ineffective in failing to investigate Gillett’s background and to present an adequate mitigation case;
*262 (4) Gillett’s trial counsel were ineffective in failing to object to prosecutorial misconduct during the sentencing portion of his trial;
(5) Gillett’s due-process rights were violated when the Mississippi Supreme Court reweighed the aggravating and mitigating factors; and,
(6) Cumulative error.
¶ 2. This Court requested supplemental briefing from the parties on various issues related to Gillett’s sentencing and heard oral arguments. We find that issues one and two are without merit and will be addressed in Part I of this opinion; however, we find that, under issue five, Gillett’s due-process rights were abridged in sentencing, which will be addressed in Part II of this opinion. Therefore, we grant Gil-lett’s petition in part and deny in part, vacate his sentences of death, and remand this case to the circuit court for a new sentencing hearing. Because issue five is dispositive, requiring reversal of Gillett’s sentences, we do not discuss his other claims raised in issues three, four, and six related to the sentencing phase of his trial.
¶ 8. Gillett, along with his codefendant Lisa Chamberlin, killed Vernon Hulett and Linda Heintzelman in Mississippi.[1] Gillett and Chamberlin then drove Heintzelman’s truck to Kansas, with the dismembered bodies of their victims stuffed in a freezer in the back of the truck. Gillett was arrested in Kansas. While he was awaiting extradition to Mississippi, Gillett was convicted of aggravated escape.[2] After he was returned to Mississippi, Gillett was tried and convicted of two counts of capital murder. The capital-murder convictions were based on an underlying robbery. The jury found four aggravating factors,[3] including that Gillett previously had been convicted of a felony involving the use of threat or violence to the person, based on his conviction for aggravated escape in Kansas. The jury found that the mitigation evidence presented during the sentencing phase did not outweigh the aggravating factors and sentenced Gillett to death.
STANDARD OF REVIEW
¶ 4. Post-conviction-relief proceedings have become “part of the death penalty appeal process.”[4] “The standard of review for capital convictions and sentences is ‘one of “heightened scrutiny” under which all bona fide doubts are resolved in favor of the accused.’ ”[5] “What may be *263 harmless error in a case with less at stake becomes reversible error when the penalty is death.”[6]
I.
¶ 5. Gillett argues that the trial court erred in giving Jury Instructions S-5 and S-6, because the instructions improperly expanded the underlying aggravating factor of robbery in that they did not define “intervening time” or “continuous chain of events,” and that his trial counsel was ineffective for not raising this issue at trial or on direct appeal. Gillett further argues that the trial court erred in allowing Jury Instructions S-5 and S-6 because they violated the Due Process Clause of the Fourteenth Amendment by allowing the jury to find Gillett committed robbery at the time of the murders based on a “continuous chain of events” without giving him sufficient notice, and that his trial counsel was ineffective for not raising this issue at trial or on direct appeal.
¶ 6. On direct appeal, we addressed Gillett’s claim that the trial court erred in allowing Jury Instructions S-5 and S-6 because they did not require the jury to find that Gillett had the intent to commit robbery before the murders occurred.[7] We also addressed whether the jury was instructed improperly on the theory of “one continuous chain of events.”[8] We explained that intent to rob may be inferred from facts surrounding the crime and that “Mississippi follows the ‘one-continuous-transaction rationale’ in capital cases” such that “the crime of capital murder is sustained” where “the two crimes [e.g., murder and robbery] are connected in a chain of events and occur as part of the res gestae.”[9] Therefore, we concluded that Jury Instructions S-5 and S-6 were properly given.[10]
¶ 7. Gillett’s argument that the trial court erred in allowing the underlying felony of robbery to be expanded is barred by res judicata, as this claim was raised and addressed on direct appeal.[11] Additionally, Gillett cannot relitigate these claims under the guise of ineffective assistance of counsel.[12] Furthermore, this argument again challenges the propriety of Jury Instructions S-5 and S-6, already addressed on direct appeal. As we previously determined that these instructions were proper, any failure to raise this issue on direct appeal does not constitute ineffective assistance of counsel.[13] These assignments of error are without merit.
II.
¶8. On direct appeal, Gillett argued that the trial court erred in allowing the jury to consider whether he was previously convicted of a felony involving the threat or use of violence. This Court unanimously determined that the “previous-violent-felony” aggravating factor based on Gil-lett’s Kansas conviction for escape was an invalid aggravator and should not have been presented to the jury. Because not *264 every escape can be considered a crime of violence under the Kansas statute and “[t]he facts surrounding and supporting the Kansas conviction for attempted aggravated escape are unknown,” we found that the State failed to present “sufficient evidence to support the ‘previous violent felony’ jury instruction.”[14] This Court then concluded that the mitigating evidence presented “[did] not outweigh the remaining three aggravating circumstances — ‘avoiding arrest,’ ‘especially heinous capital offense,’ and ‘felony murder’— all of which are supported by the evidence. Therefore, the inclusion of the invalid ‘previous violent felony’ aggravator was harmless error.”[15] Gillett argued in his motion for rehearing and now argues in his post-conviction petition that this Court’s reweighing violates his due-process rights under the United States and Mississippi Constitutions, citing Brown v. Sanders, 546 U.S. 212, 126 S.Ct. 884, 163 L.Ed.2d 723 (2006).
¶ 9. The State makes a compelling argument that this issue is procedurally barred as res judicata, claiming that this Court addressed it on direct appeal, and that Gillett unsuccessfully challenged the Court’s “reweighing” in his motion for rehearing. We first address the State’s argument.

Res Judicata

¶ 10. Specifically, the State argues that this issue is barred under Mississippi Code Section 99-39-21(3) (Rev.2007), part of Mississippi’s Uniform Post-Conviction Collateral Relief Act (“UPCCRA”), which provides that “the doctrine of res judicata shall apply to all issues, both factual and legal, decided at trial and on direct appeal.” But, contrary to the State’s argument, Gillett could not assign error to this Court’s “reweighing” until this Court determined one aggravator to be invalid and engaged in the reweighing of aggravating and mitigating factors. Gillett could not have raised this assignment of error on direct appeal.
¶ 11. Furthermore, this Court has specifically “recognized [an] exeeption[] to procedural bars for claims asserting ... denial of due process at sentencing.”[16] Gillett argues that he was denied due process in sentencing, and, therefore, under Rowland II, his claim is not time-barred nor barred by res judicata. As such, we will consider this issue.

Gillett’s argument

¶ 12. Gillett argues that his death sentences must be vacated because otherwise inadmissable evidence was put before his sentencing jury in support of the invalid aggravating factor, citing the U.S. Supreme Court’s decision in Broum v. Sanders, 546 U.S. 212, 126 S.Ct. 884. There is no dispute that Gillett’s sentencing jury-heard damaging evidence — not otherwise admissible — that he had been convicted of the felony crime of escape and, significantly, the jurors were instructed that it could be considered as a violent felony and weighed with other aggravating factors in sentencing. Gillett argues that this is a constitutional error that cannot be cured by harmless-error analysis or reweighing. Rather, he argues that Brown mandates reversal of his death sentence.
¶ 13. Indeed, in Brown, the Supreme Court said that, in situations in which an invalidated aggravator “allowed the sen-tencer to consider evidence that would otherwise not have been before it, due process *265 would mandate reversal....”[17] Reversal is required because, when a jury weighs an invalid factor in its decision, “skewing will occur, and give rise to constitutional error” if the jury “could not have given aggravating weight to the same facts and circumstances under the rubric of some other, valid sentencing factor.”[18] But, prior to Brown, the Supreme Court also had held explicitly in Clemons v. Mississippi, 494 U.S. 738, 754, 110 S.Ct. 1441, 108.L.Ed.2d 725 (1990), that an appellate court could constitutionally cure an error caused by an invalidated aggravator either by reweighing the aggravating and mitigating evidence or by performing a constitutional harmless-error analysis.[19] We find nothing in Brown that would overrule Clemons.
¶ 14. Admittedly Brown ⅛ language leaves ambiguity as to whether it applies to both “weighing” states, such as Mississippi, or only to the “nonweighing” states that Brown specifically addressed.[20] But, regardless of whether Brown has application to weighing states, we read Brcmn to hold nonweighing states to the same directives that previously had applied to weighing states — that is, when the invalidated aggravator introduces evidence to the jury that it otherwise would not have considered, the sentence is unconstitutional, and due process requires reversal unless the appellate court either reweighs the aggravating and mitigating factors or finds harmless error beyond a reasonable doubt. In other words, “Brown ... deals only with the threshold matter of deciding when constitutional error has resulted from reliance on invalid aggravators, not with how appellate courts can remedy the error short of resentencing.”[21] We reject Gillett’s argument that the introduction of evidence in support of the invalid aggravating factor automatically mandates reversal.

Amendment to Mississippi Code Section 99-19-105

¶ 15. In 1994, the Mississippi Legislature amended Section 99-19-105 to provide:
Should one or more of the aggravating circumstances be found invalid on appeal, the Mississippi Supreme Court shall determine whether the remaining aggravating circumstances are outweighed by the mitigating circumstances or whether the inclusion of any invalid circumstance was harmless error, or both.[22]
¶ 16. This amendment followed pronouncements from this Court that it was without statutory authority to reweigh aggravating and mitigating circumstances or to perform a harmless-error analysis because “[fjinding aggravating and mitigating circumstances, weighing them, and ultimately imposing a death sentence are, by statute, left to a properly instructed jury.”[23]
*266 ¶ 17. As a preliminary matter, we note that reweighing of aggravating and mitigating circumstances is a separate and distinct endeavor from determining whether the inclusion of an invalid aggravator was harmless error. Performing harmless-error review is commonplace in appellate courts, and when conducting a harmless-error review, the Court begins with the jury’s verdict. The Court’s analysis focuses on whether the jury’s verdict can be upheld despite the error. The well-settled standard for determining whether a constitutional error is harmless is whether it appears “beyond a reasonable doubt that the error complained of did not contribute to the verdict obtained.”[24]
¶ 18. On the other hand, when reweighing aggravating and mitigating evidence, the Court does not begin with the jury’s verdict. Rather, the Court takes the place of the sentencer and reaches its own independent conclusion based on the properly introduced evidence and the aggravating factors which have been found unanimously by the jury. In other words, harmless-error review involves deference to the jury’s findings, an analysis of whether the error contributed to the jury’s verdict, and ultimately whether the jury’s verdict may be upheld despite the error. Conversely, reweighing involves an entirely new analysis in which the Court carefully considers the evidence supporting the aggravating and mitigating factors and substitutes its own judgment for that of the jury.[25]

Harmless-Error Analysis

¶ 19. On direct appeal, the State argued that the prior violent felony aggra-vator was properly before the jury. It did not argue that the Court should engage in harmless-error analysis or reweighing of aggravators. But even so, this Court affirmed the jury’s sentences of death because we sua sponte found the inclusion of the invalid aggravator to be harmless error. In doing so, we relieved the State of its burden to prove harmlessness of the error beyond a reasonable doubt.[26] “Constitutional error ... casts on someone other than the person prejudiced by it a burden to show that it was harmless.”[27] However, on review, we acknowledge that we granted relief not sought and conclude that we did not apply the correct standard of review or sufficiently scrutinize the effect the invalid aggravator had on the sentencing process.
¶ 20. The Supreme Court has held that, in a “weighing” state such as Mississippi, in which the sentencing body is:
told to weigh an invalid factor in its decision, a reviewing court may not assume it would have made no difference if the thumb had been removed from death’s side of the scale. When the weighing process itself has been skewed, only constitutional harmless error analysis or re-weighing at the trial or appellate level suffices to guarantee that the defendant received an individualized sentence [as required by the Eighth Amendment].[28]
¶ 21. The U.S. Supreme Court additionally requires “close appellate scrutiny of the import and effect of invalid aggravating factors” in order to meet the well- *267 established constitutional requirement of “individualized sentencing determinations in death penalty cases.”[29] The Supreme Court has made clear that, “before a federal constitutional error can be held harmless, the court must be able to declare a belief that [the constitutional error] was harmless beyond a reasonable doubt.”[30] In other words, we must be able to say “beyond a reasonable doubt that the error complained of did not contribute to the verdict obtained.”[31]
¶ 22. On direct appeal, this Court did not find that the error was harmless beyond a reasonable doubt, and, after carefully considering the record, we are unable to reach such a conclusion today. We have determined that the jury was erroneously instructed to consider an invalid aggravator, which allowed the introduction of evidence not otherwise admissible, ie., the conviction for aggravated escape in Kansas. Evidence of this prior conviction was admitted only because of its relevance to the “previous-violent-felony” aggravator. Absent that aggravator, the evidence would not have been relevant or admissible before the sentencing jury. In fact, Gillett’s conviction for escape in Kansas was the only additional proof presented by the State during the sentencing phase. And, in final summation before the jury, the State reviewed the aggravating factors, telling the jury “the one that bothers me the most is the fourth one, and that’s the attempted aggravated escape from custody.” Although three other aggravators were properly before the jury, it is impossible for us to say what weight the jury gave to the “previous-violent-felony” aggravator. Stated differently, we cannot say that the invalid aggravator did not contribute to the death sentence obtained. Certainly, we cannot say so beyond a reasonable doubt. Indeed, it is possible that “the jury’s belief that petitioner had been convicted of [aggravated escape] would be ‘decisive’ in the ‘choice between a life sentence and a death sentence.’ ”[32] Because we cannot definitively say “what the sentencer would have done absent”[33] the instruction that Gillett had been convicted of a previous violent felony, we simply are unable to say beyond a reasonable doubt that the introduction of evidence in support of the invalid aggravator was harmless error.

Reweighing

¶23. Furthermore, while we acknowledge that Mississippi Code Section 99-19-105(3)(d) gives us statutory authority to determine whether the remaining aggravators are outweighed by the mitigating circumstances, we decline to do so in this case. Although the U.S. Supreme Court in Clemons held that “the Federal Constitution does not prevent a state appellate court from upholding a death sentence that is based in part on an invalid or improperly defined aggravating circumstance either by reweighing of the aggravating and mitigating evidence or by harmless-error review,” the Court was careful to emphasize that its opinion should not be read to “convey the impres *268 sion that state appellate courts are required to or necessarily should engage in reweighing ... when errors have occurred in a capital sentencing proceeding.”[34] Indeed, the Supreme Court recognized that in “some situations, a state appellate court may conclude that peculiarities in a case make an appellate re-weighing ... extremely speculative or impossible.”[35]
¶ 24. The Supreme Court further recognized that “appellate courts may face difficulties in determining sentencing questions in the first instance.”[36] We reiterate that “our capacity [to be fact-finders] is limited in that we have only a cold, printed record to review.”[37] In Caldwell v. Mississippi, 472 U.S. 320, 105 S.Ct. 2633, 86 L.Ed.2d 231 (1985), the Supreme Court recognized that the decision of whether death is an appropriate sentence often turns on “intangibles” not apparent from the written record:
[A]n appellate court, unlike a capital sentencing jury, is wholly ill-suited to evaluate the appropriateness of death in the first instance. Whatever intangibles a jury might consider in its sentencing determination, few can be gleaned from an appellate record. This inability to confront and examine the individuality of the defendant would be particularly devastating to any argument for consideration of what this Court has termed “[those] compassionate or mitigating factors stemming from the diverse frailties of humankind.” When we held that a defendant has a constitutional right to the consideration of such factors, we clearly envisioned that the consideration would occur among the sentencers who were present to hear the evidence and arguments and see the witnesses.[38]
¶ 25. In addition to the difficulties we confront in giving appropriate weight and credibility to evidence and witnesses which we encounter only on the pages of a written record, we are struck by the glaring inconsistency between our longstanding sentencing scheme, which allows a death sentence to be imposed only by a unanimous jury, and the legislative directive that a mere majority of this Court can reweigh evidence and impose a death sentence. In Woodward v. State, decided three years after the amendment to Section 99-19-105, this Court again reaffirmed its longstanding recognition that “[t]he right to a jury determination of the penalty of death is a substantial substantive right long held in this State.”[39] For the foregoing reasons, we find that we are not in the best position to sentence Gillett as an initial matter, and we decline to do so.
¶ 26. Gillett’s due-process rights were violated when the jury was allowed to consider an invalid aggravator supported by evidence that was not otherwise admissible, and this error was compounded when this Court affirmed his sentence. Because we do not find that the constitutional error at the trial-court level was harmless be *269 yond a reasonable doubt, and because we decline to reweigh the aggravators and mitigating evidence, we vacate Gillett’s sentences of death and remand this case to the trial court for a new sentencing hearing. As this issue is dispositive on the issue of sentencing, we do not address Gillett’s remaining claims.
CONCLUSION
¶27. For the foregoing reasons, Gil-lett’s petition for leave to proceed in the trial court is denied in part and granted in part. Gillett’s sentences are vacated, and this case is remanded to the Circuit Court of Forrest County for a new sentencing hearing on two counts of capital murder consistent with this opinion.
¶ 28. POST-CONVICTION COLLATERAL RELIEF IS GRANTED IN PART AND DENIED IN PART. THE SENTENCES OF DEATH ARE VACATED, AND THE CASE IS REMANDED TO THE CIRCUIT COURT OF FORREST COUNTY FOR A NEW SENTENCING HEARING.
PART I: WALLER, C.J., DICKINSON AND RANDOLPH, P JJ, CHANDLER, PIERCE AND COLEMAN, JJ, CONCUR.
PART II: WALLER, C.J, AND COLEMAN, J, CONCUR. KITCHENS, J, CONCURS IN PART AND IN RESULT. KING, J, CONCURS IN PART AND IN RESULT WITHOUT SEPARATE WRITTEN OPINION.
DICKINSON, P.J, SPECIALLY CONCURS WITH PART II WITH SEPARATE WRITTEN OPINION JOINED IN PART BY KITCHENS, KING AND COLEMAN, JJ.
RANDOLPH, P.J., CONCURS WITH PART I AND DISSENTS WITH PART II WITH SEPARATE WRITTEN OPINION JOINED BY PIERCE AND CHANDLER, JJ.; WALLER, C.J, JOINS IN PART.
KITCHENS, J, CONCURS IN PART AND IN RESULT WITH PART II AND DISSENTS WITH PART I WITH SEPARATE WRITTEN OPINION JOINED BY KING, J.
PIERCE, J, CONCURS WITH PART I AND DISSENTS WITH PART II WITH SEPARATE WRITTEN OPINION JOINED BY RANDOLPH, P.J, AND CHANDLER, J.; WALLER, C.J, JOINS IN PART.

. A detailed account of the crimes and procedural history is found at Gillett, 56 So.3d at 476.

. Gillett pleaded guilty to attempted escape from custody in the District Court of Ellis County, Kansas, under Kansas Statutes Section 21-3810, repealed by Laws 2010, Ch. 136, § 307(eff. July 1, 2011). Gillett, 56 So.3d at 506. Section 21-3810 provided that "aggravated escape from custody is: (a) Escaping while held in lawful custody (1) upon a charge or conviction of a felony ... or (b) Escaping effected or facilitated by the use of violence or the threat of violence against any person while held in lawful custody (1) on a charge or conviction of any crime....” Id.

. The four aggravators were as follows: (1) the capital offense was committed while the defendant was engaged in or was an accomplice in the commission of or an attempt or flight after committing or attempting to commit a robbery; (2) the capital offense was heinous, atrocious, or cruel; (3) the capital offense was committed for the purpose of avoiding or preventing a lawful arrest; and (4) the defendant was previously convicted of a felony involving the use of or threat of violence to the person. Id. at 479 n. 6.

. Chamberlin v. State, 55 So.3d 1046, 1049 (Miss.2010) (citing Jackson v. State, 732 So.2d 187, 190 (Miss.1999)).

. Chamberlin, 55 So.3d at 1049-50 (quoting Flowers v. State, 773 So.2d 309, 317 (Miss.2000)) (citations omitted).

. Chamberlin, 55 So.3d at 1050 (citation omitted).

. Gillett, 56 So.3d at 491-93.

. Id.

. Id. at 492 (citation omitted).

. Id. at 493.

. Rideout v. State, 496 So.2d 667, 668 (Miss.1986).

. Jordan v. State, 912 So.2d 800, 813 (Miss.2005).

. Jordan, 912 So.2d at 813 (holding that defendant could not demonstrate that counsel’s performance caused prejudice to his defense for not objecting to jury instructions that this Court found to be proper).

. Gillett, 56 So.3d at 507-08.

. Gillett, 56 So.3d at 508.

.Rowland v. State ("Rowland II"), 98 So.3d 1032, 1036 (Miss.2012) (citing Kennedy v. State, 732 So.2d 184, 186-87 (Miss.1999)).

. Brown, 546 U.S. at 221, 126 S.Ct. 884.

. Stringer v. Black, 503 U.S. 222, 232, 112 S.Ct. 1130, 117 L.Ed.2d 367 (1992).

. Clemons, 494 U.S. at 754, 110 S.Ct. 1441. See also Stringer, 503 U.S. at 232, 112 S.Ct. 1130.

. In a "weighing” state, the only aggravating factors that the sentencer is permitted to consider are the specified eligibility factors. In a “nonweighing” state, the sentencer is permitted to consider aggravating factors different from or in addition to the eligibility factors. Brown, 546 U.S. at 217, 126 S.Ct. 884.

. Jennings v. McDonough, 490 F.3d 1230, 1256 (11th Cir.2007)

. Miss.Code Ann. § 99-19-105 (Rev.2007).

. See Clemons v. State, 593 So.2d 1004, 1006 (Miss.1992). See also Wilcher v. State, 635 So.2d 789, 791 (Miss.1993) (finding that Court was prohibited from reweighing aggravating and mitigating circumstances by state statute).

. Chapman v. California, 386 U.S. 18, 23-24, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967).

. See Clemons v. Mississippi, 494 U.S. 738, 762, 110 S.Ct. 1441, 108 L.Ed.2d 725 (1990) (Brennan, J., concurring in part and dissenting in part).

. See Smith v. State, 986 So.2d 290, 300 (Miss.2008) (citing Arizona v. Fulminante, 499 U.S. 279, 296, 111 S.Ct. 1246, 113 L.Ed.2d 302 (1991)).

. Chapman, 386 U.S. at 24, 87 S.Ct. 824.

. Stringer, 503 U.S. at 232, 112 S.Ct. 1130.

. Stringer, 503 U.S. at 229, 112 S.Ct. 1130.

. Chapman, 386 U.S. at 23-24, 87 S.Ct. 824.

. Id.

. Johnson v. Mississippi, 486 U.S. 578, 586, 108 S.Ct. 1981, 100 L.Ed.2d 575 (1988) (citation omitted).

.Stringer, 503 U.S. at 230-31, 112 S.Ct. 1130 ("in order for a state appellate court to affirm a death sentence after the sentencer was instructed to consider an invalid factor, the court must determine what the sentencer would have done absent the factor”).

. Clemons, 494 U.S. at 741, 754, 110 S.Ct. 1441.

. Id. at 754, 110 S.Ct. 1441.

. Id. (citations omitted).

. Gavin v. State, 473 So.2d 952, 955 (1985). See also Clemons, 494 U.S. at 766-72, 110 S.Ct. 1441 (Brennan, J., concurring in part and dissenting in part) (noting that the Mississippi Supreme Court has stated repeatedly that it lacks the institutional competence to sentence as an initial matter, and arguing that an appellate court is “ill suited to undertake the task of capital sentencing" and should not engage in reweighing).

. Caldwell, All U.S. at 330-31, 105 S.Ct. 2633 (citations omitted).

. Woodward v. State, 726 So.2d 524, 542 (Miss.1997) (quoting King v. State, 656 So.2d 1168, 1173 (Miss.1995)).