MAXWELL, JUSTICE, DISSENTING:
 

 ¶ 33. The majority throws out the jury's guilty verdict and renders what is tantamount to an automatic reversal of Moore's second degree murder conviction based solely on a harmless instructional error. With respect for the majority, I find this approach is flawed, manifestly wrong, and results in a mischievous outcome.
 
 [5]
 
 Because there is no reversible error, I respectfully dissent.
 

 ¶ 34. First, the majority acts on a completely false premise-that there is an "
 
 arguably stricter burden of proof placed upon the state in circumstantial evidence cases.
 
 "
 
 [6]
 
 This is simply untrue. In reality, as hopefully we can all agree, the State's constitutionally required burden of proof in
 
 all
 
 criminal cases is the same-beyond a reasonable doubt.
 
 [7]
 

 ¶ 35. Second, mandating what is essentially automatic reversal for an instructional error, which has zero effect on a jury's verdict is illogical and impractical. Until today, this Court has consistently and very clearly "
 
 rejected the proposition that the failure to give [a circumstantial evidence] instruction can be harmless error
 
 ."
 
 [8]
 
 But the majority now concedes this stringent view was incorrect. It now admits that failure to give a circumstantial-evidence instruction-just like any other nonstructural trial error-can be subject to harmless-error analysis.
 
 [9]
 
 While I do commend the majority for recognizing our precedent requiring automatic reversal was wrong, it appears the majority's newfound appreciation of the harmless error doctrine is, in
 application, little more than lip service. I say this because instead of explaining why and to what extent Moore was harmed by the lack of a circumstantial-evidence instruction, the majority simply decrees "today's case does not present such a fact pattern."
 
 [10]
 
 As the majority puts it, "we decline to speculate about a hypothetical scenario."
 
 [11]
 

 ¶ 36. But with respect for the majority-this Court is not facing a hypothetical scenario. This is a real murder case. And a unanimous, twelve-member jury found Moore guilty of murdering Smith-a real person. To completely duck these facts and the overwhelming evidence of Moore's guilt, giving absolutely no analysis of any resulting harm from excluding the instruction, rings hollow and very dismissive. It is not the way this Court or any other American appellate court applies harmless-error review. And I do not join in this approach. I would instead apply our traditional harmless-error standard, under which we examine whether the defendant was harmed sufficiently to overturn the jury's verdict.
 

 ¶ 37. A third truth is that the United States Supreme Court, every single federal court, and the vast majority of State courts, agree that refusal to give a circumstantial-evidence instruction is not even error at all. And numerous Justices on this Court have heavily criticized and called for the abolishment of circumstantial-evidence instructions
 
 [12]
 
 -for good reason.
 

 ¶ 38. The bottom line is that Mississippi law says "[c]ircumstantial evidence is entitled to the same weight and effect as direct evidence[.]"
 
 [13]
 
 So if a jury is properly instructed on the State's burden of proof, as it was here, no more stringent instruction is required.
 
 [14]
 

 ¶ 39. For these reasons, I would affirm Moore's conviction and sentence.
 

 I. The Justification for Mandating a Circumstantial-Evidence Instruction is Based on a False Premise
 

 ¶ 40. Without question, this Court's current view of circumstantial-evidence instructions is based on a completely false premise-that there is an "
 
 arguably stricter burden of proof placed upon the state in circumstantial evidence cases
 
 ."
 
 Fisher v. State
 
 ,
 
 481 So.2d 203
 
 , 214 (1985) (emphasis added) (citing
 
 Flanagin v. State
 
 ,
 
 473 So.2d 482
 
 , 485 (Miss. 1985) ;
 
 Hester v. State
 
 ,
 
 463 So.2d 1087
 
 , 1093-94 (Miss. 1985) ). This notion is manifestly wrong.
 

 ¶ 41. In truth, there is just one burden of proof in all criminal cases. The State's burden is to prove the defendant guilty beyond a reasonable doubt. More than twenty-five years ago, Justice Banks pointed out the flawed logic of claiming a stricter,
 more enhanced burden of proof in circumstantial-evidence cases:
 

 The concept of proof beyond a reasonable doubt is fully embodied in our U.S. Constitution.
 
 In Re Winship
 
 ,
 
 397 U.S. 358
 
 ,
 
 90 S.Ct. 1068
 
 ,
 
 25 L.Ed.2d 368
 
 (1970). In
 
 Winship
 
 , the Supreme Court held that the reasonable doubt standard was constitutionally required under the Due Process Clause. In making this holding, the Court reviewed: the acceptance of the practice in common law jurisdictions, the long use of the standard by the Court, and the need to reduce the risk of convicting the innocent.
 
 397 U.S. at 361-64
 
 ,
 
 90 S.Ct. at 1071-73
 
 ,
 
 25 L.Ed.2d at 373-75
 
 .
 

 No court, however, has found a constitutional basis for a heightened burden of proof in circumstantial evidence cases. Whether proof is made by circumstantial or by direct evidence, the state must show guilt beyond a reasonable doubt.
 

 King v. State
 
 ,
 
 580 So.2d 1182
 
 , 1193 (Miss. 1991) (Banks, J concurring) (emphasis added). Justice Pierce also noted this fallacy, lamenting that "the most problematic aspect of the [circumstantial-evidence] instruction is that the additional 'reasonable hypothesis' language suggests to the jury that the State is held to a distinct and higher burden of proof in cases lacking a confession from the defendant or eyewitness testimony to the gravamen of the offense."
 
 Burleson v. State
 
 ,
 
 166 So.3d 499
 
 , 517 (Miss. 2015) (Pierce, J., dissenting).
 

 ¶ 42. Again, it is without question that the State's burden of proof is
 
 not
 
 raised when circumstantial evidence is admitted against the accused.
 
 See
 

 Jackson v. Virginia
 
 ,
 
 443 U.S. 307
 
 , 315,
 
 99 S.Ct. 2781
 
 , 2787,
 
 61 L.Ed.2d 560
 
 (1979). As "long as the court instructs the jury on the necessity that the defendant's guilt be established beyond a reasonable doubt, the Constitution does not require that any particular form of words be used in advising the jury of the government's burden of proof."
 
 Burleson
 
 ,
 
 166 So.3d at 517
 
 (Pierce, J., dissenting) (quoting
 
 Victor v. Nebraska
 
 ,
 
 511 U.S. 1
 
 , 5,
 
 114 S.Ct. 1239
 
 , 1243,
 
 127 L.Ed.2d 583
 
 (1994) ).
 

 ¶ 43. While the majority of this court apparently prefers and demands a higher burden of proof in circumstantial-evidence-based criminal cases-I cannot join them. Because the Constitution does not recognize and no American court utilizes a "beyond, beyond a reasonable doubt" standard in criminal cases, this false premise should be departed from.
 
 [15]
 

 II. Any Instructional Error Was at Most Harmless
 

 A. Harmless-Error Review Applies to Nonstructural Errors
 

 ¶ 44. Furthermore, in the majority's view, the trial judge's failure to correctly sift through the eighteen different tests
 
 [16]
 
 for discerning if a circumstantial-evidence instruction is needed was not just error but
 
 requires
 
 reversal. The majority reaches this conclusion-undoing the jury's guilty verdict-without even asking if the
 purported error had any effect whatsoever on the verdict.
 

 ¶ 45. Instead, it says "[a] set of facts could arise in which this Court finds the trial court's failure to give a circumstantial evidence jury instruction in a circumstantial evidence case to have been harmless error. But today's case does not present such a fact pattern and we decline to speculate about a hypothetical scenario." Maj. Op. ¶ 26. Again, this is not a hypothetical. And merely saying harmless-error review
 
 may
 
 be appropriate in some circumstantial-evidence cases, but not this one, is not engaging in harmless-error review. It is conceding our past standard is wrong, but still employing it.
 

 ¶ 46. This methodology runs afoul of how this Court, and all other American appellate courts, typically review nonstructural, preserved trial errors. In fact, it is totally opposite. The United States Supreme Court has long recognized that " '[a] defendant is entitled to a fair trial but not a perfect one,' for there are no perfect trials."
 
 Brown v. United States
 
 ,
 
 411 U.S. 223
 
 , 231,
 
 93 S.Ct. 1565
 
 , 1570,
 
 36 L.Ed.2d 208
 
 (1973) (quoting
 
 Bruton v. United States
 
 ,
 
 391 U.S. 123
 
 , 135,
 
 88 S.Ct. 1620
 
 , 1627,
 
 20 L.Ed.2d 476
 
 (1968) ). Any lawyer who has ever tried a jury trial, and any judge who has ever presided over one, will agree with this notion. That is why this Court refuses to "set[ ] aside convictions for small errors or defects that have little, if any, likelihood of having changed the result of the trial."
 
 Smith v. State
 
 ,
 
 136 So.3d 424
 
 , 435 (Miss. 2014) (quoting
 
 Chapman v. California
 
 ,
 
 386 U.S. 18
 
 , 22,
 
 87 S.Ct. 824
 
 , 827,
 
 17 L.Ed.2d 705
 
 (1967) ). For nonstructural errors, like the one before us, we employ harmless-error analysis.
 
 Brown v. State
 
 ,
 
 995 So.2d 698
 
 , 704 (Miss. 2008) (citing
 
 Washington v. Recuenco
 
 ,
 
 548 U.S. 212
 
 , 218,
 
 126 S.Ct. 2546
 
 , 2551,
 
 165 L.Ed.2d 466
 
 (2006) ).
 
 See also
 

 Williams v. State
 
 ,
 
 991 So.2d 593
 
 , 599 (Miss. 2008) (quoting
 
 Tran v. State
 
 ,
 
 962 So.2d 1237
 
 , 1247 (Miss. 2007) ) ("Harmless-errors are those which in the setting of a particular case are so unimportant and insignificant that they may, consistent with the Federal Constitution, be deemed harmless, not requiring the automatic reversal of the conviction.").
 

 ¶ 47. This method of appellate review is not novel. Nor is it of recent vintage. Rather, "[p]erforming harmless-error review is commonplace in appellate courts ...."
 
 Gillett v. State
 
 ,
 
 148 So.3d 260
 
 , 266 (Miss. 2014). It is widely utilized by all appellate courts, state and federal, and is even codified in Mississippi's procedural rules.
 
 [17]
 
 And in addition to typical trial errors, the United States Supreme Court, and all appellate courts, including this one, even apply harmless-error review to a host of Constitutional-rights violations.
 
 [18]
 
 Indeed, the United States Supreme Court says mandatory reversal applies only to a very limited class of fundamental constitutional
 errors-not one of which is in play here.
 
 [19]
 

 Neder v. United States
 
 ,
 
 527 U.S. 1
 
 , 7,
 
 119 S.Ct. 1827
 
 , 1833,
 
 144 L.Ed.2d 35
 
 (1999) (citing
 
 Arizona v. Fulminante
 
 ,
 
 499 U.S. 279
 
 , 309,
 
 111 S.Ct. 1246
 
 , 1265,
 
 113 L.Ed.2d 302
 
 (1991) ).
 

 ¶ 48. Because here there is no structural error, the only logical standard of review is harmless-error review. This was our approach in
 
 States v. State
 
 ,
 
 88 So.3d 749
 
 , 758 (Miss. 2012), where we held an erroneous jury instruction (flight instruction) was harmless error. And we have applied the harmless-error doctrine to a slew of other trial errors and constitutional violations.
 
 [20]
 

 ¶ 49. I do recognize the
 
 Stringfellow
 
 majority refused to find harmless error.
 
 Stringfellow v. State
 
 ,
 
 595 So.2d 1320
 
 , 1322 (Miss. 1992). But their refusal is as puzzling as the majority's here. In
 
 Stringfellow
 
 , there was zero discussion of how the error substantially affected the verdict.
 
 [21]
 
 The
 
 Stringfellow
 
 majority simply dodged the issue.
 
 See
 
 id.
 

 (rationalizing that, because "it is the conclusion of the majority that if the instruction is to be retained, it should have been given in this case"). The same analytical hole also is found in later cases that rely on
 
 Stringfellow
 
 's no-harmless-error holding, specifically
 
 Burleson
 
 and
 
 McInnis
 
 , which both apply the same circular reasoning-that the failure to give a circumstantial-evidence instruction must be harmful because a majority of this Court insists circumstantial-evidence instructions are required.
 
 Burleson
 
 ,
 
 166 So.3d at
 
 511 ;
 
 McInnis v. State
 
 ,
 
 61 So.3d 872
 
 , 875 n.5 (Miss. 2011). The majority here repeats this same chorus-generally insisting the instruction is necessary "to secure protection of the accused's right to a fair trial ...." Maj. Op. ¶ 24 (quoting
 
 Stringfellow
 
 ,
 
 595 So.2d at
 
 1322 ).
 

 ¶ 50. But if a fair trial is really the majority's goal, how can it say the trial
 was unfair when Mississippi courts recognize "[c]ircumstantial evidence is entitled to the same weight and effect as direct evidence"?
 
 Cardwell v. State
 
 ,
 
 461 So.2d 754
 
 , 760 (Miss. 1984). Surely its answer is not by raising the bar and imposing a "stricter" burden of proof than the constitutionally mandated reasonable-doubt standard? Or creating a new "because we say so" take on harmless-error review?
 

 ¶ 51. Because the majority's approach is not legally sound and is not how this Court, or any appellate court, analyzes nonstructural errors, we should instead apply traditional harmless-error analysis.
 

 B. Harmless-Error Review and the Evidence
 

 ¶ 52. Utilizing harmless-error review, it cannot reasonably be argued that giving a circumstantial-evidence instruction would have, in "any[ ] likelihood ... changed the result of the trial."
 
 Smith
 
 ,
 
 136 So.3d at 435
 
 (quoting
 
 Chapman
 
 ,
 
 386 U.S. at 22
 
 ,
 
 87 S.Ct. 824
 
 ).
 

 ¶ 53. First, the evidence supporting the verdict was overwhelming. Video evidence, eyewitness testimony, forensic evidence, and Moore's own damning actions doomed him. The day of the shooting, Moore had accused Smith of having an affair with his wife. Moore traveled to Smith's workplace. And a business surveillance video captured Moore sitting in his SUV in the parking lot awaiting Smith. It showed the confrontation between Moore and Smith, then caught Moore climbing into his vehicle and Smith his. It shows Moore's SUV rapidly following Smith's out of the parking lot. Eyewitnesses saw Moore's vehicle pull next to Smith's, then Smith's vehicle careen out of control. Another witness heard the fatal gunshots ring out. After the shooting, Moore "picked up speed and ran the red light." In doing so, he almost crashed into another vehicle. Once Smith's vehicle stopped, Smith's dead body confirmed what everyone had just seen and heard-Moore had pulled alongside Smith and shot him to death. Additionally, when Moore turned himself in, eight hours later, he was driving a different vehicle and had changed into different clothes. Officers determined the interior and exterior of the SUV Moore had driven in the video had just been wiped down with cleaning agents. Officers also found large jugs of cleaning materials in Moore's SUV.
 

 ¶ 54. Simply put, in light of this overwhelming evidence of guilt, the lack of a circumstantial-evidence instruction was insignificant. Still, the majority chides this writer for conducting harmless-error review, analyzing the overwhelming evidence of Moore's guilt, and considering the jury instructions as a whole. But that is exactly how this Court reviews nonstructural errors, even where juries have found defendants guilty of lesser offenses.
 
 See, e.g.,
 

 Porter v. State
 
 ,
 
 551 So.2d 104
 
 , 105 (Miss. 1989) (holding evidentiary error was harmless in light of overwhelming evidence of guilt, which was sufficient to convict of lesser-included offense of manslaughter);
 
 Kelly v. State
 
 ,
 
 463 So.2d 1070
 
 , 1074 (Miss. 1985) (applying harmless-error review to a clearly erroneous manslaughter instruction and holding omission was harmless based on the evidence).
 
 See also
 

 Newell v. State
 
 ,
 
 49 So.3d 66
 
 , 73-74 (Miss. 2010) (holding there is no reversible error if all "all instructions taken as a whole fairly, but not necessarily perfectly," announce the applicable law).
 

 ¶ 55. Furthermore, the jury was properly instructed on the burden of proof. And the Supreme Court says circumstantial-evidence instructions are
 
 unnecessary
 
 if the jury is appropriately instructed on the State's burden of proof-"If the jury is convinced beyond a reasonable doubt, we can require no more."
 
 Holland v. United States
 
 ,
 
 348 U.S. 121
 
 , 140,
 
 75 S.Ct. 127
 
 , 138,
 
 99 L.Ed. 150
 
 (1954). This Court has long recognized that a beyond-a-reasonable-doubt
 instruction meets the same stringent constitutional bar as a circumstantial-evidence instruction.
 
 Stringfellow
 
 ,
 
 595 So.2d at 1322
 
 (acknowledging that "an instruction to a jury that it must find an accused guilty beyond reasonable doubt is, practically speaking, no less stringent than a circumstantial instruction requiring the jury to find the accused's guilt beyond a reasonable doubt and 'to the exclusion of every reasonable hypothesis other than that of guilt' "). So there is no negative impact on a jury's verdict when a beyond-a-reasonable-doubt instruction is given, as it was here.
 

 ¶ 56. For these reasons, based on the giving of a reasonable-doubt instruction and the overwhelming evidence of Moore's guilt, there was no substantive harm.
 

 III. Because the Law Makes No Distinction Between "Direct" and "Circumstantial" Evidence, a Separate Circumstantial-Evidence Instruction Should Not Be Required
 

 ¶ 57. As already mentioned, another reality under Mississippi law is that "circumstantial evidence is
 
 not
 
 inferior to direct evidence when all the facts are considered."
 
 Bogard v. State
 
 ,
 
 233 So.2d 102
 
 , 105 (Miss. 1970) (emphasis added). To the contrary, in the eyes of our law, "[c]ircumstantial evidence is entitled to the same weight and effect as direct evidence."
 
 Cardwell
 
 ,
 
 461 So.2d at 760
 
 . And "this Court has upheld convictions based solely on circumstantial evidence."
 

 Id.
 

 ¶ 58. That is why the Supreme Court has explained, when compared to direct evidence, "[c]ircumstantial evidence in this respect is intrinsically no different[.]"
 
 Holland
 
 ,
 
 348 U.S. 121
 
 at 140,
 
 75 S.Ct. at 137
 
 . Because the burden of proof in a circumstantial-evidence case is the same as in any criminal case-guilty beyond a reasonable doubt-"where the jury is properly instructed on the standards for reasonable doubt, such an additional instruction on circumstantial evidence is confusing and incorrect[.]"
 

 Id.
 

 at 139-40
 
 ,
 
 75 S.Ct. at 137
 
 . And I see no rational reason this Court should not join all federal courts and a majority of state courts that have abolished the circumstantial-evidence instruction requirement.
 
 [22]
 

 ¶ 59. As Justice Robertson aptly put it, "the law should not impose a distinction between direct and circumstantial evidence where, at least in the present context, none rationally exists."
 
 Mack v. State
 
 ,
 
 481 So.2d 793
 
 , 797 (Miss. 1985) (Robertson, J., concurring).
 

 Instead, the jury should be "instructed that the law makes no distinction between direct and circumstantial evidence but simply requires that, before convicting a defendant, the jury be satisfied of the defendant's guilt beyond a reasonable doubt from all the evidence in the case."
 

 Id.
 

 In short, jurors should not be concerned about whether evidence is "direct evidence" or "circumstantial evidence." They should consider and weigh
 
 all
 
 of the evidence presented.
 

 ¶ 60. Here, the jury was instructed that, to convict Moore, it had to be satisfied that Moore was guilty beyond a reasonable doubt. Thus, the jury was properly instructed, eliminating the need for a new trial. Instead of reversing Moore's second-degree murder conviction and remanding for a new trial, this Court should affirm.
 

 RANDOLPH, P.J., AND BEAM, J., JOIN THIS OPINION.
 

 See
 

 Forest Prod. & Mfg. Co. v. Buckley
 
 ,
 
 107 Miss. 897
 
 , 899,
 
 66 So. 279
 
 , 280 (1914).
 

 Fisher v. State
 
 ,
 
 481 So.2d 203
 
 , 214 (Miss. 1985) (emphasis added).
 

 E.g.,
 

 Burleson v. State
 
 ,
 
 166 So.3d 499
 
 , 511-12 (Miss. 2015) (applying beyond-a-reasonable-doubt standard to a circumstantial-evidence case).
 

 Id.
 

 ,
 
 166 So. 3d at
 
 511 (citing
 
 McInnis v. State
 
 ,
 
 61 So.3d 872
 
 , 875 n.5 (Miss. 2011) ;
 
 Stringfellow v. State
 
 ,
 
 595 So.2d 1320
 
 , 1322 (Miss. 1992) ).
 

 Maj. Op. ¶ 24.
 

 Id.
 
 at ¶ 26.
 

 Id.
 

 Justice Pierce noted "previous members of this Court have recognized and expressed[ ] this instruction is a mere restatement of the reasonable-doubt burden of proof and serves no real purpose, and I am in accord with those who have called for its abolition."
 
 Burleson
 
 ,
 
 166 So.3d at 514
 
 (Pierce, J., dissenting) (citing
 
 Mack v. State
 
 ,
 
 481 So.2d 793
 
 , 796 (Miss. 1985) (Robertson, J., concurring);
 
 Montgomery v. State
 
 ,
 
 515 So.2d 845
 
 , 849 (Miss. 1987) (Robertson, J., concurring);
 
 King v. State
 
 ,
 
 580 So.2d 1182
 
 , 1192 (Miss. 1991) (Banks, J., concurring);
 
 Stringfellow
 
 ,
 
 595 So.2d at 1322
 
 (Pittman, J., concurring) ).
 

 Cardwell v. State
 
 ,
 
 461 So.2d 754
 
 , 760 (Miss. 1984).
 

 Holland v. United States
 
 ,
 
 348 U.S. 121
 
 , 139-40,
 
 75 S.Ct. 127
 
 , 137,
 
 99 L.Ed. 150
 
 (1954).
 
 Cf.
 

 Stringfellow
 
 ,
 
 595 So.2d at 1322
 
 (acknowledging beyond-a-reasonable-doubt instruction is no less stringent than a circumstantial-evidence instruction).
 

 I do not take this position lightly. I wholeheartedly agree with and abide by the doctrine of stare decisis, under which, "[a] former decision of this court should not be departed from, unless the rule therein announced is not only manifestly wrong, but mischievous."
 
 Forest Prod. & Mfg. Co.
 
 ,
 
 107 Miss. at 899
 
 ,
 
 66 So. at 280
 
 .
 

 Justice Robertsons's "[c]areful, but not exhaustive, research reveal[ed] ... no less than eighteen articulations of the test for determining whether and when the circumstantial evidence burden of proof rule should apply."
 
 Montgomery
 
 ,
 
 515 So.2d at 849-850
 
 (Robertson, J., concurring). Apparently, the majority adds a nineteenth articulation in this case-any inference, no matter how compelling, makes the evidence merely circumstantial.
 

 Under Rule 30.1(c) of the Mississippi Rules of Criminal Procedure, to be reversible, a trial-court error must be prejudicial.
 
 See
 
 M.R.Cr.P. 30.1(c) ("If no prejudicial error be found, the circuit court [sitting as appellate court] shall affirm and enter judgment in like manner as affirmances in the Supreme Court."). Similarly, in civil trials:
 

 No error in either the admission or the exclusion of evidence and no error in any ruling or order or in anything done or omitted by the court or by any of the parties is ground for granting a new trial or for setting aside a verdict or for vacating, modifying, or otherwise disturbing a judgment or order, unless refusal to take such action appears to the court inconsistent with substantial justice. The court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties.
 

 M.R.Civ.P. 61.
 

 While "there are some constitutional rights so basic to a fair trial that their infraction can never be treated as harmless error,"
 
 Chapman
 
 ,
 
 386 U.S. at 23
 
 ,
 
 87 S.Ct. at 827-28
 
 , "most constitutional errors can be harmless."
 
 Neder v. United States
 
 ,
 
 527 U.S. 1
 
 , 8,
 
 119 S.Ct. 1827
 
 , 1833,
 
 144 L.Ed.2d 35
 
 (1999) (citing
 
 Arizona v. Fulminante
 
 ,
 
 499 U.S. 279
 
 , 306,
 
 111 S.Ct. 1246
 
 ,
 
 113 L.Ed.2d 302
 
 (1991) ).
 

 Such "structural errors"-as they are called-implicate basic protections, without which "a criminal trial cannot reliably serve its function as a vehicle for determination of guilt or innocence, and no criminal punishment may be regarded as fundamentally fair."
 
 Fulminante
 
 ,
 
 499 U.S. at 310
 
 ,
 
 111 S.Ct. at 1265
 
 (quoting
 
 Rose v. Clark
 
 ,
 
 478 U.S. 570
 
 , 577-78,
 
 106 S.Ct. 3101
 
 , 3106,
 
 92 L.Ed.2d 460
 
 (1986) ). The United States Supreme Court has found structural errors, however, only in a very limited class of cases:
 
 Sullivan v. Louisiana
 
 ,
 
 508 U.S. 275
 
 ,
 
 113 S.Ct. 2078
 
 ,
 
 124 L.Ed.2d 182
 
 (1993) (an erroneous reasonable-doubt instruction);
 
 Vasquez v. Hillery
 
 ,
 
 474 U.S. 254
 
 ,
 
 106 S.Ct. 617
 
 ,
 
 88 L.Ed.2d 598
 
 (1986) (unlawful exclusion of members of the defendant's race from a grand jury);
 
 Waller v. Georgia
 
 ,
 
 467 U.S. 39
 
 ,
 
 104 S.Ct. 2210
 
 ,
 
 81 L.Ed.2d 31
 
 (1984) (denial of the right to a public trial);
 
 McKaskle v. Wiggins
 
 ,
 
 465 U.S. 168
 
 ,
 
 104 S.Ct. 944
 
 ,
 
 79 L.Ed.2d 122
 
 (1984) (denial of the right to self-representation at trial);
 
 Gideon v. Wainwright
 
 ,
 
 372 U.S. 335
 
 ,
 
 83 S.Ct. 792
 
 ,
 
 9 L.Ed.2d 799
 
 (1963) (the total deprivation of the right to counsel at trial); and
 
 Tumey v. Ohio
 
 ,
 
 273 U.S. 510
 
 ,
 
 47 S.Ct. 437
 
 ,
 
 71 L.Ed. 749
 
 (1927) (a biased judge).
 

 Harmless-error review was applied in the following cases:
 
 Avery v. State
 
 ,
 
 119 So.3d 317
 
 , 320 (Miss. 2013) (failure to sequester a witness);
 
 Young v. State
 
 ,
 
 99 So.3d 159
 
 , 163 (Miss. 2012) (denial of impeachment of a hostile witness);
 
 Conners v. State
 
 ,
 
 92 So.3d 676
 
 , 684 (Miss. 2012) (Confrontation-Clause violation);
 
 White v. State
 
 ,
 
 48 So.3d 454
 
 , 458 (Miss. 2010) (admission of hearsay);
 
 Pitchford v. State
 
 ,
 
 45 So.3d 216
 
 , 235 (Miss. 2010) (prosecutorial misconduct);
 
 Walton v. State
 
 ,
 
 998 So.2d 971
 
 , 976 (Miss. 2008) (admission of statements in violation of
 
 Miranda v. Arizona
 
 ,
 
 384 U.S. 436
 
 ,
 
 86 S.Ct. 1602
 
 ,
 
 16 L.Ed.2d 694
 
 (1966) ).
 

 In fact, the opinion suggests the opposite-there was no harm.
 
 See
 

 Stringfellow
 
 ,
 
 595 So.2d at 1332
 
 (recognizing that a beyond-a-reasonable-doubt instruction is "practically speaking, no less stringent than a circumstantial[-evidence] instruction").
 

 I am not the first justice on this Court to point out that no federal court and most state courts have abolished the circumstantial-evidence instruction. Thirty years ago, Justice Robertson cited not only the United States Supreme Court's
 
 Holland
 
 opinion but also listed eleven states' cases as examples of the abolishment trend.
 
 Mack
 
 ,
 
 481 So.2d at 797
 
 (Robertson, J., concurring) (citing
 
 Holland
 
 ,
 
 348 U.S. at 139-140
 
 ,
 
 75 S.Ct. at
 
 137-138 ;
 
 Rumph v. State
 
 ,
 
 687 S.W.2d 489
 
 , 493 (Tex. Ct. App. 1985) ;
 
 State v. Brown
 
 ,
 
 100 N.M. 726
 
 ,
 
 676 P.2d 253
 
 , 255 (1984) ;
 
 State v. Lerch
 
 ,
 
 296 Or. 377
 
 ,
 
 677 P.2d 678
 
 , 683-90 (1984) ;
 
 State v. Bush
 
 ,
 
 58 Hawaii 340
 
 ,
 
 569 P.2d 349
 
 (1977) ;
 
 State v. Bell
 
 ,
 
 90 N.M. 134
 
 ,
 
 560 P.2d 925
 
 , 928 (1977) ;
 
 State v. Gosby
 
 ,
 
 85 Wash. 2d 758
 
 ,
 
 539 P.2d 680
 
 (1975) ;
 
 Blakely v. State
 
 ,
 
 542 P.2d 857
 
 (Wyo. 1975) ;
 
 State v. Wilkins
 
 ,
 
 215 Kan. 145
 
 ,
 
 523 P.2d 728
 
 (1974) ;
 
 People v. Bennett
 
 ,
 
 183 Colo. 125
 
 , 131 n.1,
 
 515 P.2d 466
 
 , 469 n.1 (1973) ;
 
 State v. Harvill
 
 ,
 
 106 Ariz. 386
 
 ,
 
 476 P.2d 841
 
 , 844 (1970) ;
 
 Allen v. State
 
 ,
 
 420 P.2d 465
 
 (Alaska 1966) ;
 
 Holland v. Commonwealth
 
 ,
 
 323 S.W.2d 411
 
 , 413 (Ky. 1959) ).
 

 And in 2014, Justice Piece added twenty-one more states and even more cases to that list.
 
 Burleson
 
 ,
 
 166 So.3d at
 
 515 n.4 & 5 (Pierce, J., dissenting) (citing federal cases
 
 United States v. Johnson
 
 ,
 
 713 F.2d 633
 
 , 653 (11th Cir. 1983) ;
 
 United States v. Atnip
 
 ,
 
 374 F.2d 720
 
 , 722 (7th Cir. 1967) ;
 
 Wood v. United States
 
 ,
 
 361 F.2d 802
 
 , 806 (8th Cir. 1966) ;
 
 Dirring v. United States
 
 ,
 
 328 F.2d 512
 
 , 515 (1st Cir. 1964) ;
 
 Strangway v. United States
 
 ,
 
 312 F.2d 283
 
 , 285 (9th Cir.1963) ;
 
 Hunt v. United States
 
 ,
 
 316 F.2d 652
 
 , 654 (D.C. Cir. 1963) ;
 
 United States v. Thomas
 
 ,
 
 303 F.2d 561
 
 , 563 (6th Cir. 1962) ;
 
 United States v. Moia
 
 ,
 
 251 F.2d 255
 
 , 258 (2d Cir. 1958) ;
 
 Corbin v. United States
 
 ,
 
 253 F.2d 646
 
 , 649 (10th Cir. 1958) ;
 
 United States v. Allard
 
 ,
 
 240 F.2d 840
 
 , 841 (3d Cir. 1957) ;
 
 Brewer v. United States
 
 ,
 
 224 F.2d 189
 
 , 191 (5th Cir. 1955) ; and state cases
 
 State v. Logan
 
 ,
 
 405 S.C. 83
 
 ,
 
 747 S.E.2d 444
 
 , 452 (2013) ;
 
 State v. Dorantes
 
 ,
 
 331 S.W.3d 370
 
 (Tenn. 2011) ;
 
 Ex parte Carter
 
 ,
 
 889 So.2d 528
 
 (Ala. 2004) ;
 
 State v. Humpherys
 
 ,
 
 134 Idaho 657
 
 ,
 
 8 P.3d 652
 
 (2000) ;
 
 State v. Guthrie
 
 ,
 
 194 W.Va. 657
 
 ,
 
 461 S.E.2d 163
 
 (1995) ;
 
 State v. Grim
 
 ,
 
 854 S.W.2d 403
 
 (Mo.1993) ;
 
 State v. Jenks
 
 ,
 
 61 Ohio St.3d 259
 
 ,
 
 574 N.E.2d 492
 
 , 503 (1991),
 
 superseded by constitutional amendment on other grounds as stated in
 

 State v. Smith
 
 ,
 
 80 Ohio St.3d 89
 
 ,
 
 684 N.E.2d 668
 
 (1997) ;
 
 Commonwealth v. Sanders
 
 ,
 
 380 Pa.Super. 78
 
 ,
 
 551 A.2d 239
 
 (Pa. 1988) ;
 
 People v. Bryant
 
 ,
 
 113 Ill.2d 497
 
 ,
 
 101 Ill.Dec. 825
 
 ,
 
 499 N.E.2d 413
 
 (1986) ;
 
 State v. Adcock
 
 ,
 
 310 N.C. 1
 
 ,
 
 310 S.E.2d 587
 
 (1984) ;
 
 Hankins v. State
 
 ,
 
 646 S.W.2d 191
 
 (Tex. Crim. App. 1983) ;
 
 State v. Smith
 
 ,
 
 37 Conn.Supp. 664
 
 , 668,
 
 434 A.2d 368
 
 (Conn. 1981) ;
 
 State v. Derouchie
 
 ,
 
 140 Vt. 437
 
 ,
 
 440 A.2d 146
 
 (1981) ;
 
 Matter of Use by Trial Courts of Standard Jury Instructions in Criminal Cases
 
 ,
 
 431 So.2d 594
 
 (Fla. 1981) ;
 
 State v. Eagle
 
 ,
 
 611 P.2d 1211
 
 (Utah 1980) ;
 
 State v. Turnipseed
 
 ,
 
 297 N.W.2d 308
 
 (Minn. 1980) ;
 
 State v. O'Connell
 
 ,
 
 275 N.W.2d 197
 
 (Iowa 1979) ;
 
 State v. Roddy
 
 ,
 
 401 A.2d 23
 
 (R.I. 1979) ;
 
 State v. Bell
 
 ,
 
 90 N.M. 134
 
 ,
 
 560 P.2d 925
 
 (1977) ;
 
 State v. Bush
 
 ,
 
 58 Haw. 340
 
 ,
 
 569 P.2d 349
 
 (1977) ;
 
 State v. Cowperthwaite
 
 ,
 
 354 A.2d 173
 
 (Me. 1976) ;
 
 Bails v. State
 
 ,
 
 92 Nev. 95
 
 ,
 
 545 P.2d 1155
 
 (1976) ;
 
 State v. Gosby
 
 ,
 
 85 Wash.2d 758
 
 ,
 
 539 P.2d 680
 
 (1975) ;
 
 Blakely v. State
 
 ,
 
 542 P.2d 857
 
 (Wyo. 1975) ;
 
 People v. Austin
 
 ,
 
 185 Colo. 229
 
 ,
 
 523 P.2d 989
 
 (1974) ;
 
 State v. Draves
 
 ,
 
 18 Or.App. 248
 
 ,
 
 524 P.2d 1225
 
 (1974) ;
 
 State v. Wilkins
 
 ,
 
 215 Kan. 145
 
 ,
 
 523 P.2d 728
 
 (1974) ;
 
 Henry v. State
 
 ,
 
 298 A.2d 327
 
 (Del. 1972) ;
 
 Murray v. State
 
 ,
 
 249 Ark. 887
 
 ,
 
 462 S.W.2d 438
 
 , 442-43 (1971) ).